1  HENRY C. BUNSOW (SBN 060707)
   hbunsow@bdiplaw.com
2  BUNSOW, DE MORY, SMITH, & ALLISON LLP
   351 California Street, Suite 200
3  San Francisco, CA  94104
   Telephone:  (415) 426-4747
4  Facsimile:  (415) 426-4744

5  JOHN D. BEYNON (SBN 233581)
   jbeynon@bdiplaw.com
6  BUNSOW, DE MORY, SMITH, & ALLISON LLP
   600 Allerton Street, Suite 101
7  Redwood City, CA  94063
   Telephone:  (650) 351-7248
8  Facsimile:  (650) 351-7253

9  Attorneys for Plaintiffs

10

11              **IN THE UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13

14  LONGITUDE LICENSING LTD., and      )   Case No.  3:14-cv-4275
    LONGITUDE FLASH MEMORY             )
15  SYSTEMS S.A.R.L.,                  )   **COMPLAINT FOR PATENT**
                                       )   **INFRINGEMENT**
16                      Plaintiffs,    )
                                       )
17          v.                         )
                                       )   **DEMAND FOR JURY TRIAL**
18  APPLE INC.,                        )
                                       )
19                      Defendant.     )
                                       )
20  _____   )

21

22

23

24

25

26

27

28

1    Plaintiffs Longitude Licensing Ltd. and Longitude Flash Memory Systems S.a.r.l.

2    (collectively "Longitude") by and through their attorneys, allege as follows:

3

4                                   **PARTIES**

5        1.     Plaintiff Longitude Licensing Ltd. is a company duly organized and existing under

6    the laws of the Republic of Ireland, having a principal place of business at First Floor, Europa

7    House, Harcourt Centre, Harcourt Street, Dublin 2, Republic of Ireland.  Plaintiff Longitude Flash

8    Memory Systems S.a.r.l. is a company duly organized and existing under the laws of the Grand

9    Duchy of Luxembourg, having a principal place of business at 208, Val des Bons Malades, L-2121

10   Luxembourg, Grand Duchy of Luxembourg.

11       2.     Defendant Apple Inc. ("Apple"), purports to be a corporation duly organized and

12   existing under the laws of the State of California, having a principal place of business at 1 Infinite

13   Loop, Cupertino, CA 95014.

14

15                                 **JURISDICTION**

16       3.     This is an action arising under the patent laws of the United States.  Accordingly this

17   Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18       4.     This Court has personal jurisdiction over Apple because Apple's principal place of

19   business is within the Northern District of California, and Apple has committed and continues to

20   commit acts of infringement in violation of 35 U.S.C. § 271, including by placing infringing

21   products into the stream of commerce, with the knowledge or understanding that such products are

22   sold in the State of California, including the Northern District of California.

23

24                                    **VENUE**

25       5.     Venue is proper in the Northern District of California under 28 U.S.C. §§ 1391 and

26   1400(b) because Apple's principal place of business is in this district and it transacts business within

27   this district, including by offering for sale in this district products that infringe Longitude's patents.

28   Additionally, Longitude has suffered harm in this district due to Apple's infringement of its patents.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL
CASE NO. 3:14-cv-4275                          2

1

**INTRADISTRICT ASSIGNMENT**

2      6.      Pursuant to Local Rule 3-2(c), Intellectual Property Actions are assigned on a district-

3  wide-basis.

4

**BACKGROUND**

5      7.      Longitude Licensing Ltd. is a privately owned intellectual property management

6  company that specializes in maximizing the value of patented intellectual property.  Founded in July

7  2013, Longitude Licensing Ltd. and its affiliated companies own and manage portfolios totaling

8  more than 6,500 semiconductor and storage solution patents and patent applications.

9      8.      Longitude Licensing Ltd. operates by partnering with patent owners to manage and

10  license patent portfolios.  Affiliate Longitude Flash Memory Systems S.a.r.l. acquired from SanDisk

11  Corporation ("SanDisk") a portfolio of patents, including the Patents-in-Suit, relating to flash

12  memory systems.  Longitude Licensing Ltd. is the exclusive licensee from its affiliated company of

13  this SanDisk patent portfolio, with all rights to enforce the Patents-in-Suit.

14      9.      Through its focus on innovation and developing cutting-edge technological solutions

15  for the storage needs of its customers, SanDisk has established itself as the leading company in the

16  flash memory industry.  SanDisk is the worldwide market leader in flash memory products.

17  SanDisk's diverse product portfolio includes flash memory cards and embedded solutions used in

18  smart phones, tablets, digital cameras, camcorders, digital media players and other consumer

19  electronic devices, as well as USB flash drives and solid-state drives ("SSDs") for the computing

20  market.  SanDisk's products are used by consumers and enterprise customers around the world.

21      10.      Since 1988, SanDisk's innovations in flash memory and storage system technologies

22  have provided customers with new and transformational digital experiences.  Throughout its history,

23  SanDisk has pioneered the use of flash memory technology.  In 1991, SanDisk (then called

24  "SunDisk") began shipping the world's first flash-based SSD, more than a decade before flash SSDs

25  were widely used.  Similarly, in 1999 SanDisk introduced the first high volume memory with Multi-

26  Level Cell ("MLC") technology which doubled the amount of data stored in each memory cell.  In

27  2013, SanDisk celebrated its 25th anniversary and a quarter century of innovation, research and

28  development in flash memory.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL
CASE NO. 3:14-cv-4275                    3

11.     SanDisk's commitment to innovation continues through its investment in new technology and products.  For the fiscal year of 2013, SanDisk's investment in research and development exceeded $700 million.  Of SanDisk's 5,459 employees, nearly half—2,487 employees—are dedicated to research and development of new technologies and products.

12.     SanDisk's success at innovation continues to be recognized by the industry.  In 2013, SanDisk was recognized by Thomson Reuters for the third year in a row as a "Top 100 Global Innovator" for its role as a global leader in flash memory storage solutions.  In 2012 and 2013, SanDisk was recognized by IEEE Spectrum magazine as a top company with "Patent Power" in the semiconductor manufacturing field.

13.     SanDisk's investment in memory technology has also yielded an extensive patent portfolio.  At the end of the 2013 fiscal year, SanDisk's investment in memory technology had generated a portfolio of more than 2,600 U.S. Patents.  And SanDisk holds more than 4,900 patents worldwide.  SanDisk's patent portfolio has been licensed by several leading semiconductor companies and other companies in the flash memory business.  In early 2014, SanDisk reached a milestone of recognizing over $4 billion in cumulative licensing and royalty revenue.

14.     Through its licensing activities SanDisk enables companies to benefit from the hundreds of millions of dollars the company annually spends on research and development. SanDisk's license agreements provide licensees the right to make, use and sell products that incorporate SanDisk's patented technology.  SanDisk's licensing agreements also assure that SanDisk receives a fair return on its investment in research and development.  SanDisk uses these royalties to fund further research and development in flash memory technology and systems, and thus continue to contribute to the flash memory industry that SanDisk pioneered.

15.     SanDisk further continues to encourage innovation through its launch of SanDisk Ventures.  SanDisk Ventures invests in early- to mid-stage companies that demonstrate innovative flash memory solutions, and strong intellectual property and management teams.  SanDisk Ventures has invested over $75 million in at least five companies working on promising technologies.

1

## THE PATENTS

2       16.      Longitude Licensing Ltd. is the exclusive licensee and the owner of all rights to

3   enforce U.S. Patent No. 6,763,424 ("the '424 Patent"), entitled "Partial Block Data Programming

4   and Reading Operations in a Non-Volatile Memory," and has full rights to sue and recover damages

5   for all past, present, and future infringements of the '424 Patent. The '424 Patent was duly and

6   legally issued by the United States Patent and Trademark Office on July 13, 2004. A true and

7   correct copy of the '424 Patent is attached as Exhibit 1.

8       17.      Longitude Licensing Ltd. is the exclusive licensee and the owner of all rights to

9   enforce U.S. Patent No. 7,970,987 ("the '987 Patent"), entitled "Partial Block Data Programming

10  and Reading Operations in a Non-Volatile Memory," and has full rights to sue and recover damages

11  for all past, present, and future infringements of the '987 Patent. The '987 Patent was duly and

12  legally issued by the United States Patent and Trademark Office on June 28, 2011. A true and

13  correct copy of the '987 Patent is attached as Exhibit 2.

14      18.      Longitude Licensing Ltd. is the exclusive licensee and the owner of all rights to

15  enforce U.S. Patent No. 8,316,177 ("the '177 Patent"), entitled "Partial Block Data Programming

16  and Reading Operations in a Non-Volatile Memory," and has full rights to sue and recover damages

17  for all past, present, and future infringements of the '177 Patent. The '177 Patent was duly and

18  legally issued by the United States Patent and Trademark Office on November 20, 2012. A true and

19  correct copy of the '177 Patent is attached as Exhibit 3.

20      19.      Longitude Licensing Ltd. is the exclusive licensee and the owner of all rights to

21  enforce U.S. Patent No. 6,968,421 ("the '421 Patent"), entitled "Partial Block Data Programming

22  and Reading Operations in a Non-Volatile Memory," and has full rights to sue and recover damages

23  for all past, present, and future infringements of the '421 Patent. The '421 Patent was duly and

24  legally issued by the United States Patent and Trademark Office on November 2, 2005. A true and

25  correct copy of the '421 Patent is attached as Exhibit 4.

26      20.      Longitude Licensing Ltd. is the exclusive licensee and the owner of all rights to

27  enforce U.S. Patent No. 7,657,702 ("the '702 Patent"), entitled "Partial Block Data Programming

28  and Reading Operations in a Non-Volatile Memory," and has full rights to sue and recover damages

1   for all past, present, and future infringements of the '702 Patent.  The '702 Patent was duly and

2   legally issued by the United States Patent and Trademark Office on February 2, 2010.  A true and

3   correct copy of the '702 Patent is attached as Exhibit 5.

4       21.     Longitude Licensing Ltd. is the exclusive licensee and the owner of all rights to

5   enforce U.S. Patent No. 7,818,490 ("the '490 Patent"), entitled "Partial Block Data Programming

6   and Reading Operations in a Non-Volatile Memory," and has full rights to sue and recover damages

7   for all past, present, and future infringements of the '490 Patent.  The '490 Patent was duly and

8   legally issued by the United States Patent and Trademark Office on October 19, 2010.  A true and

9   correct copy of the '490 Patent is attached as Exhibit 6.

10      22.     Longitude Licensing Ltd. is the exclusive licensee and the owner of all rights to

11  enforce U.S. Patent No. 7,012,835 ("the '835 Patent"), entitled "Flash Memory Data Correction and

12  Scrub Technique," and has full rights to sue and recover damages for all past, present, and future

13  infringements of the '835 Patent.  The '835 Patent was duly and legally issued by the United States

14  Patent and Trademark Office on March 14, 2006.  A true and correct copy of the '835 Patent is

15  attached as Exhibit 7.

16      23.     Longitude Licensing Ltd. is the exclusive licensee and the owner of all rights to

17  enforce U.S. Patent No. 7,224,607 ("the '607 Patent"), entitled "Flash Memory Data Correction and

18  Scrub Technique," and has full rights to sue and recover damages for all past, present, and future

19  infringements of the '607 Patent.  The '607 Patent was duly and legally issued by the United States

20  Patent and Trademark Office on May 29, 2007.  A true and correct copy of the '607 Patent is

21  attached as Exhibit 8.

22      24.     Longitude Licensing Ltd. is the exclusive licensee and the owner of all rights to

23  enforce U.S. Patent No. 8,050,095 ("the '095 Patent"), entitled "Flash Memory Data Correction and

24  Scrub Techniques," and has full rights to sue and recover damages for all past, present, and future

25  infringements of the '095 Patent.  The '095 Patent was duly and legally issued by the United States

26  Patent and Trademark Office on November 1, 2011.  A true and correct copy of the '095 Patent is

27  attached as Exhibit 9.

28

25.     Longitude Licensing Ltd. is the exclusive licensee and the owner of all rights to enforce U.S. Patent No. 6,510,488 ("the '488 Patent"), entitled "Method for Fast Wake-up of a Flash Memory System," and has full rights to sue and recover damages for all past, present, and future infringements of the '488 Patent.  The '488 Patent was duly and legally issued by the United States Patent and Trademark Office on January 21, 2003.  A true and correct copy of the '488 Patent is attached as Exhibit 10.

26.     Longitude Licensing Ltd. is the exclusive licensee and the owner of all rights to enforce U.S. Patent No. 7,181,611 ("the '611 Patent"), entitled "Power Management Block for Use in a Non-Volatile Memory System," and has full rights to sue and recover damages for all past, present, and future infringements of the '611 Patent.  The '611 Patent was duly and legally issued by the United States Patent and Trademark Office on February 20, 2007.  A true and correct copy of the '611 Patent is attached as Exhibit 11.

27.     Longitude Licensing Ltd. is the exclusive licensee and the owner of all rights to enforce U.S. Patent No. 6,831,865 ("the '865 Patent"), entitled "Maintaining Erase Counts in Non-Volatile Storage System," and has full rights to sue and recover damages for all past, present, and future infringements of the '865 Patent.  The '865 Patent was duly and legally issued by the United States Patent and Trademark Office on December 14, 2004.  A true and correct copy of the '865 Patent is attached as Exhibit 12.

28.     Longitude Licensing Ltd. is the exclusive licensee and the owner of all rights to enforce U.S. Patent No. 7,120,729 ("the '729 Patent"), entitled "Automated Wear Leveling in Non-Volatile Storage Systems," and has full rights to sue and recover damages for all past, present, and future infringements of the '729 Patent.  The '729 Patent was duly and legally issued by the United States Patent and Trademark Office on October 10, 2006.  A true and correct copy of the '729 Patent is attached as Exhibit 13.  The '424 Patent, '987 Patent, '177 Patent, '421 Patent, '702 Patent, '490 Patent, '835 Patent, '607 Patent, '095 Patent, '488 Patent, '611 Patent, '865 Patent, and '729 Patent are collectively referred to as the "Patents-in-Suit."

## FIRST COUNT
### (Infringement of the '424 Patent)

29.     Longitude incorporates by reference and realleges paragraphs 1 through 28 above as though fully restated herein.

30.     Apple has infringed and continues to infringe one or more of the claims of the '424 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Apple iPad, Apple iPad 2, Apple iPad (3rd Generation), Apple iPad (4th Generation), Apple iPad Air, Apple iPad mini, Apple iPad mini with Retina display, Apple iPhone, Apple iPhone 3G, Apple iPhone 3GS, Apple iPhone 4, Apple iPhone 4S, Apple iPhone 5, Apple iPhone 5C, Apple iPhone 5S, iPod Touch 2G, iPod Touch 3G, iPod Touch 4G, and iPod Touch 5G (hereafter the "Accused Products"), that are covered by one or more claims of the '424 Patent.

31.     Apple has induced infringement, and/or contributed to the infringement, and is inducing infringement and/or contributing to the infringement of one or more of the claims of the '424 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '424 Patent, including selling the products and services to customers.  Apple's customers who purchase products thereof and operate such products in accordance with Apple's instructions directly infringe one or more claims of the '424 Patent.

32.     Upon information and belief, Apple will continue to directly infringe, induce infringement and/or contribute to the infringement of the '424 Patent.

33.     Apple's acts of infringement have caused damage to Longitude and Longitude is entitled to recover from Apple the damages sustained by Longitude as a result of Apple's wrongful acts in an amount subject to proof at trial.

## SECOND COUNT
### (Infringement of the '987 Patent)

34.     Longitude incorporates by reference and realleges paragraphs 1 through 33 above as though fully restated herein.

35.     Apple has infringed and continues to infringe one or more of the claims of the '987 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '987 Patent.

36.     Apple has induced infringement, and/or contributed to the infringement, and is inducing infringement and/or contributing to the infringement of one or more of the claims of the '987 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '987 Patent, including selling the products and services to customers.  Apple's customers who purchase products thereof and operate such products in accordance with Apple's instructions directly infringe one or more claims of the '987 Patent.

37.     Upon information and belief, Apple will continue to directly infringe, induce infringement and/or contribute to the infringement of the '987 Patent.

38.     Apple's acts of infringement have caused damage to Longitude and Longitude is entitled to recover from Apple the damages sustained by Longitude as a result of Apple's wrongful acts in an amount subject to proof at trial.

## THIRD COUNT
### (Infringement of the '177 Patent)

39.     Longitude incorporates by reference and realleges paragraphs 1 through 38 above as though fully restated herein.

40.     Apple has infringed and continues to infringe one or more of the claims of the '177 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '177 Patent.

41.     Apple has induced infringement, and/or contributed to the infringement, and is inducing infringement and/or contributing to the infringement of one or more of the claims of the '177 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '177 Patent, including selling the products and services to customers.  Apple's customers who purchase products thereof and operate such products in accordance with Apple's instructions directly infringe one or more claims of the '177 Patent.

42.     Upon information and belief, Apple will continue to directly infringe, induce infringement and/or contribute to the infringement of the '177 Patent.

43.     Apple's acts of infringement have caused damage to Longitude and Longitude is entitled to recover from Apple the damages sustained by Longitude as a result of Apple's wrongful acts in an amount subject to proof at trial.

**FOURTH COUNT**
**(Infringement of the '421 Patent)**

44.     Longitude incorporates by reference and realleges paragraphs 1 through 43 above as though fully restated herein.

45.     Apple has infringed and continues to infringe one or more of the claims of the '421 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '421 Patent.

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL
CASE NO. 3:14-cv-4275                                          10

46.     Apple has induced infringement, and/or contributed to the infringement, and is inducing infringement and/or contributing to the infringement of one or more of the claims of the '421 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '421 Patent, including selling the products and services to customers.  Apple's customers who purchase products thereof and operate such products in accordance with Apple's instructions directly infringe one or more claims of the '421 Patent.

47.     Upon information and belief, Apple will continue to directly infringe, induce infringement and/or contribute to the infringement of the '421 Patent.

48.     Apple's acts of infringement have caused damage to Longitude and Longitude is entitled to recover from Apple the damages sustained by Longitude as a result of Apple's wrongful acts in an amount subject to proof at trial.

## FIFTH COUNT
### (Infringement of the '702 Patent)

49.     Longitude incorporates by reference and realleges paragraphs 1 through 48 above as though fully restated herein.

50.     Apple has infringed and continues to infringe one or more of the claims of the '702 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '702 Patent.

51.     Apple has induced infringement, and/or contributed to the infringement, and is inducing infringement and/or contributing to the infringement of one or more of the claims of the '702 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more

1   claims of the '702 Patent, including selling the products and services to customers.  Apple's

2   customers who purchase products thereof and operate such products in accordance with Apple's

3   instructions directly infringe one or more claims of the '702 Patent.

4         52.    Upon information and belief, Apple will continue to directly infringe, induce

5   infringement and/or contribute to the infringement of the '702 Patent.

6         53.    Apple's acts of infringement have caused damage to Longitude and Longitude is

7   entitled to recover from Apple the damages sustained by Longitude as a result of Apple's wrongful

8   acts in an amount subject to proof at trial.

9

10   **SIXTH COUNT**
11   **(Infringement of the '490 Patent)**

12         54.    Longitude incorporates by reference and realleges paragraphs 1 through 53 above as

13   though fully restated herein.

14         55.    Apple has infringed and continues to infringe one or more of the claims of the

15   '490 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within

16   the United States, and/or by importing into the United States, without authority, products using flash

17   memory systems, including but not limited to the Accused Products, that are covered by one or more

18   claims of the '490 Patent.

19         56.    Apple has induced infringement, and/or contributed to the infringement, and is

20   inducing infringement and/or contributing to the infringement of one or more of the claims of the

21   '490 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within

22   the United States, and/or by importing into the United States, without authority, products using flash

23   memory systems, including but not limited to the Accused Products, that are covered by one or more

24   claims of the '490 Patent, including selling the products and services to customers.  Apple's

25   customers who purchase products thereof and operate such products in accordance with Apple's

26   instructions directly infringe one or more claims of the '490 Patent.

27         57.    Upon information and belief, Apple will continue to directly infringe, induce

28   infringement and/or contribute to the infringement of the '490 Patent.

58.     Apple's acts of infringement have caused damage to Longitude and Longitude is entitled to recover from Apple the damages sustained by Longitude as a result of Apple's wrongful acts in an amount subject to proof at trial.

## SEVENTH COUNT
### (Infringement of the '835 Patent)

59.     Longitude incorporates by reference and realleges paragraphs 1 through 58 above as though fully restated herein.

60.     Apple has infringed and continues to infringe one or more of the claims of the '835 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '835 Patent.

61.     Apple has induced infringement, and/or contributed to the infringement, and is inducing infringement and/or contributing to the infringement of one or more of the claims of the '835 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '835 Patent, including selling the products and services to customers.  Apple's customers who purchase products thereof and operate such products in accordance with Apple's instructions directly infringe one or more claims of the '835 Patent.

62.     Upon information and belief, Apple will continue to directly infringe, induce infringement and/or contribute to the infringement of the '835 Patent.

63.     Apple's acts of infringement have caused damage to Longitude and Longitude is entitled to recover from Apple the damages sustained by Longitude as a result of Apple's wrongful acts in an amount subject to proof at trial.

1

2

**EIGHTH COUNT**
**(Infringement of the '607 Patent)**

3

4

64.     Longitude incorporates by reference and realleges paragraphs 1 through 63 above as though fully restated herein.

5

6

7

8

9

65.     Apple has infringed and continues to infringe one or more of the claims of the '607 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '607 Patent.

10

11

12

13

14

15

16

17

66.     Apple has induced infringement, and/or contributed to the infringement, and is inducing infringement and/or contributing to the infringement of one or more of the claims of the '607 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '607 Patent, including selling the products and services to customers.  Apple's customers who purchase products thereof and operate such products in accordance with Apple's instructions directly infringe one or more claims of the '607 Patent.

18

19

67.     Upon information and belief, Apple will continue to directly infringe, induce infringement and/or contribute to the infringement of the '607 Patent.

20

21

22

68.     Apple's acts of infringement have caused damage to Longitude and Longitude is entitled to recover from Apple the damages sustained by Longitude as a result of Apple's wrongful acts in an amount subject to proof at trial.

23

24

25

**NINTH COUNT**
**(Infringement of the '095 Patent)**

26

27

69.     Longitude incorporates by reference and realleges paragraphs 1 through 68 above as though fully restated herein.

28

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL
CASE NO. 3:14-cv-4275                                    14

70.     Apple has infringed and continues to infringe one or more of the claims of the '095 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '095 Patent.

71.     Apple has induced infringement, and/or contributed to the infringement, and is inducing infringement and/or contributing to the infringement of one or more of the claims of the '095 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '095 Patent, including selling the products and services to customers.  Apple's customers who purchase products thereof and operate such products in accordance with Apple's instructions directly infringe one or more claims of the '095 Patent.

72.     Upon information and belief, Apple will continue to directly infringe, induce infringement and/or contribute to the infringement of the '095 Patent.

73.     Apple's acts of infringement have caused damage to Longitude and Longitude is entitled to recover from Apple the damages sustained by Longitude as a result of Apple's wrongful acts in an amount subject to proof at trial.

**TENTH COUNT**
**(Infringement of the '488 Patent)**

74.     Longitude incorporates by reference and realleges paragraphs 1 through 73 above as though fully restated herein.

75.     Apple has infringed and continues to infringe one or more of the claims of the '488 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '488 Patent.

76.     Apple has induced infringement, and/or contributed to the infringement, and is inducing infringement and/or contributing to the infringement of one or more of the claims of the '488 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '488 Patent, including selling the products and services to customers.  Apple's customers who purchase products thereof and operate such products in accordance with Apple's instructions directly infringe one or more claims of the '488 Patent.

77.     Upon information and belief, Apple will continue to directly infringe, induce infringement and/or contribute to the infringement of the '488 Patent.

78.     Apple's acts of infringement have caused damage to Longitude and Longitude is entitled to recover from Apple the damages sustained by Longitude as a result of Apple's wrongful acts in an amount subject to proof at trial.

## ELEVENTH COUNT
### (Infringement of the '611 Patent)

79.     Longitude incorporates by reference and realleges paragraphs 1 through 78 above as though fully restated herein.

80.     Apple has infringed and continues to infringe one or more of the claims of the '611 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '611 Patent.

81.     Apple has induced infringement, and/or contributed to the infringement, and is inducing infringement and/or contributing to the infringement of one or more of the claims of the '611 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more

claims of the '611 Patent, including selling the products and services to customers. Apple's customers who purchase products thereof and operate such products in accordance with Apple's instructions directly infringe one or more claims of the '611 Patent.

82. Upon information and belief, Apple will continue to directly infringe, induce infringement and/or contribute to the infringement of the '611 Patent.

83. Apple's acts of infringement have caused damage to Longitude and Longitude is entitled to recover from Apple the damages sustained by Longitude as a result of Apple's wrongful acts in an amount subject to proof at trial.

## TWELFTH COUNT
### (Infringement of the '865 Patent)

84. Longitude incorporates by reference and realleges paragraphs 1 through 83 above as though fully restated herein.

85. Apple has infringed and continues to infringe one or more of the claims of the '865 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '865 Patent.

86. Apple has induced infringement, and/or contributed to the infringement, and is inducing infringement and/or contributing to the infringement of one or more of the claims of the '865 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '865 Patent, including selling the products and services to customers. Apple's customers who purchase products thereof and operate such products in accordance with Apple's instructions directly infringe one or more claims of the '865 Patent.

87. Upon information and belief, Apple will continue to directly infringe, induce infringement and/or contribute to the infringement of the '865 Patent.

88.     Apple's acts of infringement have caused damage to Longitude and Longitude is entitled to recover from Apple the damages sustained by Longitude as a result of Apple's wrongful acts in an amount subject to proof at trial.

## THIRTEENTH COUNT
### (Infringement of the '729 Patent)

89.     Longitude incorporates by reference and realleges paragraphs 1 through 88 above as though fully restated herein.

90.     Apple has infringed and continues to infringe one or more of the claims of the '729 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '729 Patent.

91.     Apple has induced infringement, and/or contributed to the infringement, and is inducing infringement and/or contributing to the infringement of one or more of the claims of the '729 Patent in violation of 35 U.S.C. § 271 by making, using, selling, and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the '729 Patent, including selling the products and services to customers.  Apple's customers who purchase products thereof and operate such products in accordance with Apple's instructions directly infringe one or more claims of the '729 Patent.

92.     Upon information and belief, Apple will continue to directly infringe, induce infringement and/or contribute to the infringement of the '729 Patent.

93.     Apple's acts of infringement have caused damage to Longitude and Longitude is entitled to recover from Apple the damages sustained by Longitude as a result of Apple's wrongful acts in an amount subject to proof at trial.

1    WHEREFORE, Longitude prays for judgment against Apple as follows:

2    (a)    For judgment that the Patents-in-Suit have been and/or continue to be infringed by

3 Apple;

4    (b)    For an award of all damages sustained by Longitude as the result of Apple's acts of

5 infringement;

6    (c)    For a mandatory future royalty payable on each and every product sold by Apple in

7 the future that is found to infringe one or more of the Patents-in-Suit and on all future products

8 which are not colorably different from products found to infringe;

9    (d)    Permanently enjoin Apply from further infringement of the Patents-in-Suit;

10    (e)    For all costs of suit; and

11    (f)    For such other and further relief as the Court may deem just and proper.

12

13                               **DEMAND FOR A JURY TRIAL**

14    Longitude demands a jury trial for all issues so triable.

15

16 Dated:  September 22, 2014              BUNSOW, DE MORY, SMITH & ALLISON LLP

17

18                                        By:    */s/ Henry C. Bunsow*
                                                 Henry C. Bunsow

19                                        HENRY C. BUNSOW (SBN 060707)
                                          hbunsow@bdiplaw.com
20                                        BUNSOW, DE MORY, SMITH, & ALLISON LLP
                                          351 California Street, Suite 200
21                                        San Francisco, CA  94104
                                          Telephone:  (415) 426-4747
22                                        Facsimile:  (415) 426-4744

23                                        JOHN D. BEYNON (SBN 233581)
                                          jbeynon@bdiplaw.com
24                                        BUNSOW, DE MORY, SMITH, & ALLISON LLP
                                          600 Allerton Street, Suite 101
25                                        Redwood City, CA  94063
                                          Telephone:  (650) 351-7248
26                                        Facsimile:  (650) 351-7253

27                                        Attorneys for Plaintiffs

28