JOHN ALLCOCK, Bar No. 98895
john.allcock@dlapiper.com
SEAN CUNNINGHAM, Bar No. 174931
sean.cunningham@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Phone: (619) 699-2700
Fax: (619) 699-2701

BRENT YAMASHITA, Bar No. 206890
brent.yamashita@dlapiper.com
CHRISTINE K. CORBETT, Bar No. 209128
christine.corbett@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LONGITUDE LICENSING LTD., and LONGITUDE FLASH MEMORY SYSTEMS S.A.R.L.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | CASE NO. 3:14-cv-4275 EDL<br><br>**APPLE INC.'S MOTION TO DISMISS INDIRECT INFRINGEMENT CLAIMS FOR FAILURE TO STATE A CLAIM**<br><br>Date: January 6, 2015<br>Time: 9:00 a.m.<br>Place: Courtroom E, 15th Floor<br>Judge: Honorable Elizabeth D. Laporte |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ..... 1
STATEMENT OF RELIEF ..... 1
MEMORANDUM OF POINTS AND AUTHORITIES ..... 1
I. INTRODUCTION ..... 1
II. STATEMENT OF FACTS ..... 2
III. ARGUMENT ..... 3
A. Longitude Fails to State a Plausible Claim of Contributory Infringement ..... 3
B. Longitude Fails To State A Plausible Claim of Induced Infringement ..... 4
IV. CONCLUSION ..... 6

# TABLE OF AUTHORITIES


Page

CASES

*ACCO Brands, Inc. v. ABA Locks Mfs Co. Ltd.*, 501 F.3d 1307 (Fed. Cir. 2007 ........ 4, 5

*Ashcroft v. Iqbal*, 556 U.S. 662 *(2009)* ........ 1, 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........ 1, 3

*Bender v. Motorola*, 2010 WL 726739 (N.D. Cal. Feb. 26, 2010) ........ 5

*BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007) ........ 3

*Boundaries Solutions Inc. v. CoreLogic, Inc.*, 2014 WL 4954017 (N.D. Cal. Sept. 29, 2014) ........ 5

*Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868 (N.D. Cal. 2011) ........ 3

*Fujitsu Ltd. v. Netgear, Inc*, 620 F.3d 1321 (Fed. Cir. 2010) ........ 3

*Fuzzysharp Tech., Inc. v. Nvidia Corp.*, 2013 WL 2249707 (N.D. Cal. Apr. 18, 2013) ........ 3, 4, 5

*In Re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012) ........ 3, 5

*Logic Devices, Inc. v. Apple Inc.*, 2014 WL 60056 (N.D. Cal. Jan. 7, 2014) ........ 4, 5

*Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283 (Fed. Cir. 2012) ........ 5

*XimpleWare, Inc. v. Versata Software, Inc.*, 2014 WL 2080850 (N.D. Cal. May 16, 2014) ........ 4, 5

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**OTHER AUTHORITIES**

25 U.S.C. § 271 ........ 2

35 U.S.C. § 271(c) ........ 3

Federal Rule of Civil Procedure 8 ........ 1

Federal Rule of Civil Procedure 8(a)(2) ........ 3

Federal Rule of Civil Procedure 12(b)(6) ........ 1, 2

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on January 6, 2015 at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom E, 15th Floor of this Court, located at 450 Golden Gate Avenue, San Francisco, CA 94104, Defendant Apple Inc. ("Apple") will move for an order dismissing the indirect infringement allegations made by Plaintiffs Longitude Licensing Ltd. and Longitude Flash Memory Systems S.A.R.L. (collectively "Longitude" or "Plaintiffs") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

This motion is made pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure and is based on the grounds that the Complaint fails to state a claim for indirect infringement upon which relief may be granted. Specifically, Longitude has failed to plausibly plead claims of contributory infringement and infringement by inducement. This motion is based on this Notice of Motion, the attached memorandum of points and authorities in support thereof, the pleadings and documents on file in this case, and such other evidence and argument as may be presented at the hearing on this motion.

## STATEMENT OF RELIEF

Apple seeks an order dismissing Longitude's claims of indirect infringement pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because Longitude has failed to properly plead the required elements of contributory infringement and infringement by inducement.

## MEMORANDUM OF POINTS ANDAUTHORITIES

### I. INTRODUCTION

This is a 13-patent infringement case. Longitude's Complaint fails to meet the pleading standards articulated by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* with respect to Longitude's indirect patent infringement allegations. Indeed, other than identifying Apple's customers as alleged direct infringers, Longitude's Complaint does not allege any other facts to attempt to demonstrate the required elements of an indirect patent infringement claim. Longitude's allegations are even more bare than allegations that courts, in opinion after opinion, have held do not meet the requirements for pleading indirect infringement.

Longitude's pleading deficiencies reveal a more fundamental problem—Longitude had no good-faith basis to plead induced or contributory infringement in its Complaint. Indirect infringement claims require, at a minimum, that the defendant has knowledge of the asserted patents and its alleged infringement prior to filing the lawsuit. Longitude did not and cannot plead a single fact sufficient to establish pre-filing knowledge by Apple. Apple therefore respectfully requests that the Court dismiss Longitude's indirect infringement claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. STATEMENT OF FACTS

On September 23, 2014, Longitude filed a Complaint against Apple, accusing Apple of infringing 13 patents. (Dkt. # 1.) Longitude is a non-practicing entity whose business is to "maximize the value of patented intellectual property." (Dkt. #1, ¶ 7.) Longitude allegedly recently acquired a portfolio of patents from SanDisk Corporation relating to flash memory systems, including the asserted patents, and has now targeted Apple with its recently acquired patents. (Dkt. #1, ¶ 8.)

For each of the 13 asserted patents, the Complaint includes the following two sentences accusing Apple of contributory and induced infringement:

> Apple has induced infringement, and/or contributed to the infringement, and is inducing infringement and/or contributing to the infringement of one or more claims of the [asserted patent] in violation of 35 U.S.C. § 271 by making, using, selling and/or offering to sell within the United States, and/or by importing into the United States, without authority, products using flash memory systems, including but not limited to the Accused Products, that are covered by one or more claims of the [asserted patent], including selling the products and services to customers. Apple's customers who purchase products thereof and operate such products in accordance with Apple's instructions directly infringe one or more claims of the [asserted patent].

(Dkt. #1, ¶¶ 31, 36, 41, 46, 51, 56, 61, 66, 71, 76, 81, 86, 91.) That is all Longitude pleads for indirect infringement for all 13 patents.

## III. ARGUMENT

Longitude's conclusory allegations of indirect infringement fail to state a claim. To satisfy minimal pleading requirements, Longitude must plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 664. These *Iqbal/Twombly* pleading requirements apply to claims of indirect patent infringement. Here, Longitude fails to satisfy the minimal pleading requirements for its contributory and induced infringement claims and, therefore, these indirect patent infringement claims should be dismissed.

### A. Longitude Fails to State a Plausible Claim of Contributory Infringement.

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In Re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (quoting 35 U.S.C. § 271(c)). "To state a claim for contributory infringement, a plaintiff must allege sufficient facts to raise the reasonable inference that the defendant sells or offers to sell a material or apparatus (1) for use in practicing a patented process, (2) that is material to practicing the invention, (3) that has no substantial non-infringing uses, and (4) is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *Fuzzysharp Tech., Inc. v. Nvidia Corp.*, 2013 WL 2249707, *2 (N.D. Cal. Apr. 18, 2013) (citing *In re Bill of Lading*, 681 F.3d at 1337); *see also BMC Res., Inc. v. Paymentech, L.P.,* 498 F.3d 1373, 1381 (Fed. Cir. 2007) ("contributory infringement under § 271(c)... requires a mens rea (knowledge)"); *Fujitsu Ltd. v. Netgear, Inc,* 620 F.3d 1321, 1326 (Fed. Cir. 2010) (accused infringer must have *knowledge of the patent.*); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868 (N.D. Cal. 2011)

(granting motion to dismiss contributory infringement claims).

Here, other than a vague reference to alleged direct infringers that "operate [the accused] products in accordance with Apple's instructions," Longitude does not plead any facts that would remotely allow an inference of substantial non-infringing uses, knowledge of any of the asserted patents and Apple's knowledge of its alleged infringement. The reason for Longitude's omissions is simple—there are no facts to support these essential requirements of a contributory infringement claim. As such, Longitude's contributory infringement claims against Apple must be dismissed. *See FuzzySharp*, 2013 WL 2249707 at *2 (dismissing contributory infringement claim "because the allegations in the complaint do not raise the reasonable inference that the [accused products] are designed to be used in a way that practices the [asserted patent] or that they have no substantial non-infringing uses."); *XimpleWare, Inc. v. Versata Software, Inc.*, 2014 WL 2080850, *7 (N.D. Cal. May 16, 2014) (dismissing contributory infringement claim because the complaint did not allege the defendants' knowledge of the asserted patents and did not "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses."); *Logic Devices, Inc. v. Apple Inc.*, 2014 WL 60056 (N.D. Cal. Jan. 7, 2014) (dismissing contributory infringement claim because complaint was "silent as to whether the accused products [were] capable of substantial non-infringing uses").

Because Longitude has not and cannot plead facts that show the required knowledge of the asserted patents, knowledge of alleged infringement by Apple and substantial non-infringing uses, Longitude's contributory infringement claim for each of the asserted patents fail as a matter of law.

**B. Longitude Fails To State A Plausible Claim of Induced Infringement.**

To establish a claim for induced infringement, a patentee must show that (1) there has been direct infringement; (2) the alleged infringer knowingly induced infringement; and (3) the alleged infringer possessed specific intent to encourage another's infringement." *ACCO Brands, Inc. v. ABA Locks Mfr. Co. Ltd.,* 501 F.3d 1307, 1312 (Fed. Cir. 2007). There is both a knowledge requirement and an intent requirement. *See Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1303-04 (Fed. Cir. 2012). As such, to sufficiently plead a claim for induced infringement,

Longitude's Complaint "must contain facts plausibly showing that [Apple] specifically intended its customers to infringe the [patents-in-suit] and knew that the customer's acts constituted infringement." *Logic Devices*, 2014 WL 60056 at *1 (citing *In re Bill of Lading*, 681 F.3d at 1339).

Here, Longitude has not pled any, much less sufficient, facts to state a plausible claim for inducement. Specifically, Longitude has not alleged that Apple intended for its customers to infringe the asserted patents or that Apple knew that the customers' acts constituted infringement. These omissions are fatal to Longitude's ability to plead inducement, and Longitude cannot cure this pleading deficiency. *See Bender v. Motorola, Inc.*, 2010 WL 726739, *4 (N.D. Cal. Feb. 26, 2010) (dismissing a patent infringement inducement claim when the plaintiff pleaded only that the defendant "performed acts … that infringe and *induce others to infringe*…."); *Boundaries Solutions Inc. v. CoreLogic, Inc.*, 2014 WL 4954017 (N.D. Cal. Sept. 29, 2014) (dismissing induced infringement claim because the complaint failed to state sufficient knowledge and intent); *Logic Devices*, 2014 WL 60056 at *2 (dismissing inducement claim because complaint was devoid of any facts that the defendant knew or should have known its activities would induce actions by others which constituted infringement and that the defendant specifically intended the alleged infringement); *Fuzzysharp Tech.*, 2013 WL 2249707 at *2 (dismissing inducement claim because, in part, complaint did not raise the reasonable inference that the defendant knowingly encouraged the infringement of the asserted patent by a third party); *XimpleWare*, 2014 WL 2080850 at *7 (dismissing induced infringement claim because of the complaint's failure to allege the defendant's knowledge of the asserted patents).

///

///

///

///

///

///

## IV. CONCLUSION

For all the reasons set forth above, Apple respectfully requests that the allegations of indirect infringement (both contributory and inducement) in Longitude's Complaint be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

Dated: December 1, 2014

DLA PIPER LLP (US)

By: */s/ Christine K. Corbett*
JOHN ALLCOCK
SEAN CUNNINGHAM
CHRISTINE K. CORBETT
BRENT YAMASHITA
Attorneys for Defendant
APPLE INC.