1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    LONGITUDE LICENSING,                      No. C -14-04275-EDL

9              Plaintiff,                       **ORDER GRANTING MOTION TO
                                                DISMISS WITHOUT PREJUDICE**
10      v.

11   APPLE INC,

12              Defendant.
     _____/

13

14   **I.      Introduction**

15          This is a patent infringement case brought by Plaintiff Longitude Licensing Ltd. against

16   Apple Inc. Apple filed a motion to dismiss Plaintiff's claim of "willful infringement" pursuant to

17   Federal Rules of Civil Procedure 8 and 12(b)(6). After the motion was fully briefed, the Court

18   granted Longitude's request for leave to file a supplemental opposition, and permitted Apple to file a

19   response.  A hearing on the motion was held on March 10, 2015.  For the reasons stated during the

20   hearing as explained further below, the motion is GRANTED WITH LEAVE TO AMEND.

21   **II.     Background**

22          Plaintiff is a privately owned intellectual property management company that specializes in

23   "maximizing the value of patented intellectual property." First Amended Complaint ("FAC") ¶ 7.

24   Plaintiff's affiliate Longitude Flash Memory Systems S.a.r.l. acquired a portfolio of patents,

25   including the patents in suit, from SanDisk.  FAC ¶ 8.  Plaintiff is the exclusive licensee from its

26   affiliated company of the SanDisk patent portfolio.  FAC ¶ 8.  SanDisk is the leading company in the

27   flash memory industry.  FAC ¶ 9.  SanDisk's products include flash memory cards and embedded

28   solutions used in smart phones, tablets, digital cameras, camcorders, digital media players and other

     consumer electronic devices.  FAC ¶ 9.  SanDisk has been in business for more than twenty-five

**United States District Court**
**For the Northern District of California**

years and has amassed a patent portfolio of more than 2,600 United States patents.  FAC ¶¶ 10-13.

There are thirteen patents at issue in this case, all directed to flash memory systems and various aspects of operating and managing flash memory systems.  FAC ¶¶ 16-30.  There are six patents entitled "Partial Block Data Programming and Reading Operations in a Non-Volatile Memory."  FAC ¶¶ 16-21 (the '424 patent, the '987 patent, the '177 patent, the '421 patent, the '702 patent, and the '490 patent).  There are three patents entitled "Flash Memory Data Correction and Scrub Technique."  FAC ¶¶ 22-24 (the '835 patent, the '607 patent, and the '095 patent).  The '488 patent is entitled "Method for Fast Wake-Up of a Flash Memory System."  FAC ¶ 25.  The '611 patent is entitled "Power Management Block for Use in a Non-Volatile Memory System."  FAC ¶ 26.  The '865 patent is entitled "Maintaining Erase Counts in Non-Volatile Storage System."  FAC ¶ 27.  The '729 patent is entitled "Automated Wear Leveling in Non-Volatile Storage Systems."  FAC ¶ 28.

Plaintiff alleges direct and indirect/induced infringement of each patent, as well as willful infringement.  At issue in this motion is the sufficiency of Plaintiff's allegations of willful infringement, which include the following:

Apple's Knowledge of the Patents-in-Suit

30. SanDisk has generated an extensive, industry-recognized patent portfolio that covers many aspects of flash memory systems, including the Patents-in-Suit used by Apple and incorporated by Apple into the Accused Products (see below). SanDisk's contribution to flash memory systems and its associated patent portfolio has been very well-known within the electronics industry, including the Patents-in-Suit. Furthermore, the Patents-in-Suit have played a central role in SanDisk's widely known patent licensing and enforcement program for flash memory systems.

31. Upon information and belief, Apple had knowledge of the Patents-in-Suit as part of the SanDisk patent portfolio prior to the transfer of the Patents-in-Suit to Longitude Flash Memory Systems S.a.r.l. Furthermore, Apple acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. Thus, Apple's infringement has been willful. Regardless, Apple had knowledge of the Patents-in-Suit at least as early as the filing of original Complaint in this litigation on September 23, 2014.

FAC ¶ 30-31.

**III.    Legal Standard**

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to

*United States District Court*
For the Northern District of California

'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007)).  The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted  as true and construed in the light most favorable to the plaintiff." <u>Lazy Y Ranch LTD v. Behrens</u>, 546 F.3d 580, 588 (9th Cir. 2008).  A court need not, however, accept as true the complaint's "legal conclusions." <u>Iqbal</u>, 129 S. Ct. at 1949.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Id.</u> at 1950.  Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u>  Courts must then determine whether the factual allegations in the complaint "plausibly give rise to an entitlement of relief." <u>Id.</u>  Though the plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct . . . ." <u>Id.</u> at 1949 (internal quotation marks omitted) & 1950.  That is to say, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570.

**IV.    Discussion**

Apple argues that Longitude's FAC fails to plausibly plead a claim of willful infringement because it does not identify any particular patents or any facts supporting Apple's alleged knowledge of the asserted patents prior to this lawsuit being filed.  Longitude counters that its allegations are sufficient, or alternatively requests leave to amend.

Claims of willful patent infringement require an allegation that the defendant had knowledge of the asserted patents and its alleged infringement of those patents before the lawsuit was filed. <u>See</u> <u>Radware, Ltd. v. A10 Networks, Inc.</u>, 2013 WL 5373305, at *6 (N.D.Cal. Sept. 24, 2013); <u>see also</u> <u>FuzzySharp Tech., Inc. v. Nvidia Corp.</u>, 2013 WL 4766877, at *3 (N.D. Cal. Sept. 4, 2013).  The complaint at least "must make out the barest factual assertion of knowledge of an issued patent." <u>Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC</u>, 2012 WL 2803617, at *3 (N.D.Cal. July 10, 2012) (quoting <u>IpVenture, Inc. v. Cellco Partnership</u>, 2011 WL 207978, at *2 (N.D.Cal. Jan. 21, 2011).  A "bare recitation of the required legal elements for willful infringement" is insufficient. <u>Id</u>.  Similarly, a mere "allegation of 'actual knowledge,' without more," is not

**United States District Court**
For the Northern District of California

1   enough to state a claim for willful infringement." Id. (quoting Vasudevan Software, Inc. v. TIBCO

2   Software, Inc., 2012 WL 1831543, at *4 (N.D.Cal. May 18, 2012).

3          Apple persuasively argues that the FAC fails to adequately allege willful infringement

4   because paragraph 31 of the FAC simply alleges that Apple "had knowledge of the Patents-in-Suit

5   as part of the SanDisk patent portfolio" prior to the lawsuit.  At best, this allegation is ambiguous

6   because it is unclear whether the assertion is that Apple had knowledge of the SanDisk patent

7   portfolio generally, or the asserted patents specifically.  If interpreted as an allegation that Apple had

8   knowledge of SanDisk's patent portfolio generally, this is insufficient to allege Apple's pre-lawsuit

9   knowledge of the specific patents-in-suit.  Even if it could be construed as a general allegation that

10  Apple had knowledge of the patents-in-suit prior to the lawsuit, it fails as a recitation of the legal

11  standard for willful infringement without underlying factual support. See Robert Bosch Healthcare

12  Sys., Inc., 2012 WL 2803617, at *3 (granting motion to dismiss willful infringement claim based on

13  a "mere allegation, without more" that the plaintiff had informed the defendant of the patents-in-suit

14  and the defendant's infringement of those patents where there was "no evidentiary detail[]

15  whatsoever" to support the willful infringement claim); U.S. Ethernet Innovations, LLC v. Netgear,

16  Inc., 2013 WL 4112601, at *4 (N.D.Cal. Aug. 12, 2013) (dismissing willful infringement claim

17  based on allegation of "actual or constructive knowledge" of asserted patent).

18         Longitude contends that Apple's focus on paragraph 31 is too narrow, and other portions of

19  the FAC support its willful infringement claim.  Specifically, Longitude relies on paragraph 30,

20  which states that, "SanDisk's contribution to flash memory systems and its associated patent

21  portfolio has been very well-known within the electronics industry, including the Patents-in-Suit.

22  Furthermore, the Patents-in-Suit have played a central role in SanDisk's widely known patent

23  licensing and enforcement program for flash memory systems."  FAC ¶ 30; see also FAC ¶ 8, 10, 13

24  (relating to extent of SanDisk's licensing and royalty revenue); Opp. at 6 n.1 (citing unrelated

25  litigation involving the patents-in-suit that did not involve Apple).  However, neither the breadth of

26  SanDisk's patent portfolio nor its licensing revenue show that Apple had knowledge of the specific

27  patents-in-suit before this lawsuit was filed.  Cf. Pacing Tech, LLC. v. Garmin Int'l Inc., 2013 WL

28  444642 (S.D.Cal. Feb. 5, 2013) (allegations that defendant regularly performed prior art and patent

1    searches as part of its numerous patent applications insufficient to support reasonable inference of

2    pre-suit knowledge of asserted patent).  Longitude also relies on paragraphs 34 and 35, which state

3    that "[w]ith knowledge of the '424 Patent, Apple designs the accused products . . .," arguing that

4    these allegations show Apple's knowledge of the asserted patents.  However, they do not show "pre-

5    lawsuit" knowledge, a requirement for willful infringement.

6        In sum, Longitude's barebones allegation of direct knowledge, and vague allegations of

7    constructive knowledge based on participation in the same market, are insufficient to state a claim

8    for willful infringement.  Apple's motion to dismiss is GRANTED.[1]

9    **V.    Leave to Amend**

10       Longitude requests leave to amend its complaint to add facts supporting its willful

11   infringement claim.  In an effort to show that amendment would not be futile, Longitude relies on

12   documents submitted under a declaration of counsel relating to a case of insider trading by a former

13   SanDisk executive who apparently revealed some confidential negotiations regarding a legal dispute

14   between San Disk and Apple.  See Declaration of John D. Beynon Exhs. 1-3.  These documents are

15   not appropriate for judicial notice.  Further, other than a "guess" by a blogger (Ex. 3 at 6), there is no

16   indication that the dispute revealed by the insider trader was even related to patents so it is unclear

17   how these proffered new facts show that Apple had pre-suit knowledge of the asserted patents to

18   support a willful infringement claim.  Longitude also references litigation of the asserted patents that

19   did not involve Apple to support an inference that Apple had knowledge of the patents-in-suit, but it

20   is unclear how this unrelated litigation shows Apple's knowledge without more.

21       In its supplemental opposition, Longitude further argues that Apple's recent responses to its

22

23       _____

         [1]In its moving papers, Apple also argued that Longitude's allegation that it "acted despite an
24   objectively high likelihood that its actions constituted infringement if a valid patent" is insufficient
     because it simply recites the legal standard without providing any factual support.  Apple argued that
25   the complaint must plead facts demonstrating that it acted with objective recklessness, citing In re
     Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007); Fortinet Inc. v. FireEye Inc., 2014 WL
26   4955087 (N.D.Cal. Sept. 30, 2014); and Bascom Research LLC v. Facebook, Inc., 2013 WL 968210
     (N.D.Cal. Mar. 12, 2013).  However, other cases in this district have not required allegations of an
27   "objectively high likelihood of infringement" to survive a motion to dismiss. See FuzzySharp Tech., Inc.
     v. Nvidia Corp., 2013 WL 4766877, at *8-9 (N.D. Cal. Sept. 4, 2013).  On Reply, Apple acknowledged
28   this split of authority and abandoned this argument, focusing instead on the lack of allegations
     concerning its knowledge of the asserted patents discussed above.  See Reply at 2 n.1

1   Requests for Admission undermine its motion to dismiss.  Specifically, Longitude focuses on

2   Apple's response to its request that Apple "[a]dmit that Apple and SanDisk have engaged in

3   negotiations to grant Apple rights to practice one or more of the Patents-in-Suit."  <u>See</u> Beynon Supp.

4   Decl. Ex. 2.  Apple did not admit or deny the Request and instead objected generally.  <u>Id</u>.  According

5   to Longitude, this non-response constitutes a failure to deny pre-filing knowledge of the asserted

6   patents and confirms that Longitude can state a plausible claim for willful infringement.  Apple

7   correctly responds that its responses to Requests for Admission cannot be considered in connection

8   with this motion to dismiss because the analysis is limited to the pleading as currently drafted.

9   Further, since Apple has not admitted or denied pre-suit negotiations with SanDisk relating to the

10  asserted patents, the discovery responses do not shed light on the issue even if they could be

11  considered.

12          It is unclear whether Longitude will be able to plead a claim for willful infringement.

13  However, the Court cannot conclude at this early stage that amendment would necessarily be futile,

14  and therefore Longitude has until March 17, 2015 to file an amended pleading if it determines in

15  good faith that it has a proper factual underlying basis for the claim.

16

17          **IT IS SO ORDERED.**

18

19

20  Dated: March 13, 2015                          _____
                                                    ELIZABETH D. LAPORTE
21                                                  United States Magistrate Judge

22

23

24

25

26

27

28

6