1    HENRY C. BUNSOW (SBN 060707)           JOHN ALLCOCK, Bar No. 98895
     BUNSOW, DE MORY, SMITH, & ALLISON LLP   john.allcock@dlapiper.com
2    351 California Street, Suite 200        SEAN CUNNINGHAM, Bar No. 174931
     San Francisco, CA  94104                sean.cunningham@dlapiper.com
3    Telephone:  (415) 426-4747              DLA PIPER LLP (US)
     Facsimile:  (415) 426-4744              401 B Street, Suite 1700
4    Email: hbunsow@bdiplaw.com              San Diego, CA 92101-4297
                                             Phone: (619) 699-2700
5    JOHN D. BEYNON (SBN 233581)             Fax: (619) 699-2701
     BUNSOW, DE MORY, SMITH, & ALLISON LLP
6    600 Allerton Street, Suite 101          BRENT YAMASHITA, Bar No. 206890
     Redwood City, CA  94063                 brent.yamashita@dlapiper.com
7    Telephone:  (650) 351-7248              CHRISTINE K. CORBETT, Bar No. 209128
     Facsimile:  (650) 351-7253              christine.corbett@dlapiper.com
8    Email: jbeynon@bdiplaw.com              DLA PIPER LLP (US)
                                             2000 University Avenue
9                                            East Palo Alto, CA  94303-2214
                                             Tel:  650.833.2000
10   Attorneys for Plaintiffs                Fax:  650.833.2001
     LONGITUDE LICENSING LTD. AND
11   LONGITUDE FLASH MEMORY
     SYSTEMS S.À.R.L                         Attorneys for Defendant
12                                           APPLE INC.

13

14                   UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                     SAN FRANCISCO DIVISION

17   LONGITUDE LICENSING LTD., and           CASE NO.  3:14-cv-4275 EDL
     LONGITUDE FLASH MEMORY
18   SYSTEMS S.A.R.L.,                       **STIPULATED PROTECTIVE ORDER
                                             REGARDING THE DISCLOSURE AND
19              Plaintiffs,                   USE OF DISCOVERY MATERIALS**

20        v.

21   APPLE INC.,

22              Defendant.

23

24        Plaintiffs Longitude Licensing Ltd. and Longitude Flash Memory Systems S.A.R.L.

25   ("Plaintiffs") and Defendant Apple Inc. ("Defendant") (collectively "the Parties") anticipate that

26   documents, testimony, or information containing or reflecting confidential, proprietary, trade

27   secret, and/or commercially sensitive information are likely to be disclosed or produced during

28   the course of discovery, initial disclosures, and supplemental disclosures in this case and request

1    that the Court enter this Order setting forth the conditions for treating, obtaining, and using such

2    information.  Accordingly, the parties jointly stipulate to the following protective order, and

3    request that the Court enter it.

4        Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause

5    for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery

6    Materials ("Order" or "Protective Order").

7    **1**.    **PURPOSES AND LIMITATIONS**

8        (a)    Protected Material designated under the terms of this Protective Order shall

9    be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for

10   any other purpose whatsoever.

11       (b)    The Parties acknowledge that this Order does not confer blanket

12   protections on all disclosures during discovery, or in the course of making initial or supplemental

13   disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not

14   be made absent a good faith belief that the designated material satisfies the criteria set forth

15   below.  If it comes to a Producing Party's attention that designated material does not qualify for

16   protection at all, or does not qualify for the level of protection initially asserted, the Producing

17   Party must promptly notify all other Parties that it is withdrawing or changing the designation.

18       (c)    The terms agreed hereto do not limit the Parties from requesting that other

19   provisions or procedures should apply to Protected Materials during trial.

20   **2.**    **DEFINITIONS**

21       (a)    "Discovery Material" means all items or information, including from any

22   non party, regardless of the medium or manner generated, stored, or maintained (including,

23   among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or

24   generated in connection with discovery or Rule 26(a) disclosures in this case.

25       (b)    "Outside Counsel" means (i) outside counsel who appear on the pleadings

26   as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is

27   reasonably necessary to disclose the information for this litigation.

28

(c) "Patents-in-suit" means U.S. Patent Nos. 6,763,424, 7,970,987, 8,316,177, 6,968,421, 7,657,702, 7,818,490, 7,012,835, 7,224,607, 8,050,095, 6,510,488, 7,181,611, 6,831,865 and 7,120,729, and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d) "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e) "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as provided for in this Order.  Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h) "Source Code" means computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, source code comments and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

**3.     COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

**4.     SCOPE**

(a) The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

1    conversations, or presentations by Parties or their counsel in court or in other settings that might

2    reveal Protected Material.

3            (b)    Nothing in this Protective Order shall prevent or restrict a Producing

4    Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this

5    Order shall preclude any Producing Party from showing its Protected Material to an individual

6    who prepared the Protected Material.

7            (c)    Nothing in this Order shall be construed to prejudice any Party's right to

8    use any Protected Material in court or in any court filing with the consent of the Producing Party

9    or by order of the Court.

10           (d)    This Order is without prejudice to the right of any Party to seek further or

11    additional protection of any Discovery Material or to modify this Order in any way, including,

12    without limitation, an order that certain matter not be produced at all.

13        **5.    DURATION**

14    Even after the termination of this case, the confidentiality obligations imposed by this

15    Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order

16    otherwise directs.

17        **6.    ACCESS TO AND USE OF PROTECTED MATERIAL**

18           (a)    Basic Principles. All Protected Material shall be used solely for this case or

19    any related appellate proceeding, and not for any other purpose whatsoever, including without

20    limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue

21    proceedings, or any business or competitive purpose or function.  Protected Material shall not be

22    distributed, disclosed or made available to anyone except as expressly provided in this Order.

23           (b)    Patent Prosecution Bar.  Absent the written consent of the Producing Party,

24    any person who receives one or more items designated "HIGHLY CONFIDENTIAL –

25    ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –OUTSIDE ATTORNEYS'

26    EYES ONLY – SOURCE CODE" shall not be involved, directly or indirectly, in any of the

27    following activities:  (i) advising on, consulting on, preparing, prosecuting, drafting, editing,

28    and/or amending of patent applications, specifications, claims, and/or responses to office actions,

1   or otherwise affecting the scope of claims (in patents or patent applications) directed to

2   implementing a flash translation layer, wear leveling, fast startup routines or data scrubbing in a

3   flash memory system, before any foreign or domestic agency, including the United States Patent

4   and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the

5   rights to any such patents or patent applications with the right to sublicense, relating to the

6   functionality, operation, and design of flash memory systems.  These prohibitions are not

7   intended to and shall not preclude counsel from participating in reexamination or *inter partes*

8   review proceedings on behalf of a Party challenging the validity of any patent, and these

9   prohibitions are not intended to and shall not preclude counsel for Plaintiff from participating in

10  reexamination or *inter partes* review proceedings to discuss the scope and content of prior art

11  with prosecution counsel, however, in no event will the discussions with prosecution counsel

12  include any reference, mention, or disclosure of "CONFIDENTIAL," "HIGHLY

13  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

14  OUTSIDE ATTORNEYS' EYES' ONLY - SOURCE CODE" materials of a Party or Non-Party.

15  Any individual with access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

16  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"

17  will not be involved in the drafting, revising, or amending of any claims, or be involved in any

18  discussions regarding the drafting, revising, or amending of any claims, in any reexamination or

19  *inter partes* review proceeding.  These prohibitions shall begin when access to "HIGHLY

20  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –OUTSIDE

21  ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected

22  individual, and shall end two (2) years after the final resolution of this action, including all

23  appeals.

24          (c)     Secure Storage.  Protected Material must be stored and maintained by a

25  Receiving Party at a location in the United States and in a secure manner that ensures that access

26  is limited to the persons authorized under this Order.

27          (d)     Legal Advice Based on Protected Material.  Nothing in this Protective

28  Order shall be construed to prevent counsel from advising their clients with respect to this case

1  based in whole or in part upon Protected Materials, provided counsel does not disclose the

2  Protected Material itself except as provided in this Order.

3  (e)  Limitations.  Nothing in this Order shall restrict in any way a Producing

4  Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any

5  way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become

6  publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known

7  to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed

8  and/or provided by the Producing Party to the Receiving Party or a non-party without an

9  obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the

10  Producing Party; or (v) pursuant to order of the Court.

11  **7.  DESIGNATING PROTECTED MATERIAL**

12  (a)  Available Designations.  Any Producing Party may designate Discovery

13  Material with any of the following designations, provided that it meets the requirements for such

14  designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -

15  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

16  EYES ONLY - SOURCE CODE."

17  (b)  Written Discovery and Documents and Tangible Things.  Written

18  discovery, documents (which include "electronically stored information," as that phrase is used in

19  Federal Rule of Procedure 34), and tangible things that meet the requirements for the

20  confidentiality designations listed in Paragraph 7(a) may be so designated by placing the

21  appropriate designation on every page of the written material prior to production.  For digital files

22  being produced, the Producing Party may mark each viewable page or image with the appropriate

23  designation, and mark the medium, container, and/or communication in which the digital files

24  were contained.  In the event that original documents are produced for inspection, the original

25  documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

26  during the inspection and re-designated, as appropriate during the copying process.

27  (c)  Native Files. Where electronic files and documents are produced in native

28  electronic format, such electronic files and documents shall be designated for protection under

1   this Order by appending to the file names or designators information indicating whether the file

2   contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

3   "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY -– SOURCE CODE,"

4   material, or shall use any other reasonable method for so designating Protected Materials

5   produced in electronic format.  When electronic files or documents are printed for use at

6   deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-

7   approved pursuant to paragraph 12(a), the party printing the electronic files or documents shall

8   affix a legend to the printed document corresponding to the designation of the Designating Party

9   and including the production number and designation associated with the native file.  No one

10  shall seek to use at trial a .tiff, .pdf, or other image format version of a document produced in

11  native file format without first (1) providing a copy of the image format version to the Producing

12  Party so that the Producing Party can review the image to ensure that no information has been

13  altered and assert any objections to its use.  A Party reserves the right to object to a native file

14  used in this litigation that has been converted to a .tiff, .pdf or other image format should it later

15  be determined that information on the image has been altered.

16            (d)     Depositions and Testimony.  Parties or testifying persons or entities may

17  designate depositions and other testimony with the appropriate designation by indicating on the

18  record at the time the testimony is given or by sending written notice of how portions of the

19  transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the

20  testimony.  If no indication on the record is made, all information disclosed during a deposition

21  shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time

22  within which it may be appropriately designated as provided for herein has passed.  Any Party

23  that wishes to disclose the transcript, or information contained therein, may provide written notice

24  of its intent to treat the transcript as non-confidential, after which time, any Party that wants to

25  maintain any portion of the transcript as confidential must designate the confidential portions

26  within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any

27  Protected Material that is used in the taking of a deposition shall remain subject to the provisions

28  of this Protective Order, along with the transcript pages of the deposition testimony dealing with

1  such Protected Material.  In such cases the court reporter shall be informed of this Protective

2  Order and shall be required to operate in a manner consistent with this Protective Order.  In the

3  event the deposition is videotaped, the original and all copies of the videotape shall be marked by

4  the video technician to indicate that the contents of the videotape are subject to this Protective

5  Order, substantially along the lines of "This videotape contains confidential testimony used in this

6  case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to

7  the terms of the operative Protective Order in this matter or pursuant to written stipulation of the

8  parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions,

9  other than the deponent, deponent's counsel, the reporter and videographer (if any), any person

10  who is not authorized by this Protective Order to receive or access Protected Material based on

11  the designation of such Protected Material.  Such right of exclusion shall be applicable only

12  during periods of examination or testimony regarding such Protected Material.

13          (e)      Exercise of Restraint and Care in Designating Material for Protection.

14  Each Party or Non-Party that designates information or items for protection under this Order must

15  take care to limit any such designation to material that qualifies under the appropriate standards

16  so that material, documents, items, or communications for which protection is not warranted are

17  not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized

18  designations are prohibited.  Designations that are shown to be clearly unjustified or that have

19  been made for an improper purpose (e.g., to unnecessarily encumber or retard the case

20  development process or to impose unnecessary expenses and burdens on other parties) expose the

21  Designating Party to such relief as the Court may impose.  If it comes to a Designating Party's

22  attention that information or items that it designated for protection do not qualify for protection at

23  all or do not qualify for the level of protection initially asserted, that Designating Party must

24  promptly notify all other Parties that it is withdrawing the mistaken designation.

25          **8.      DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

26          (a)      A Producing Party may designate Discovery Material as

27  "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially

28  sensitive information.

-8-

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

1    (vii)    Mock jurors who have signed an undertaking or agreement agreeing

2  not to publicly disclose Protected Material and to keep any information concerning Protected

3  Material confidential;

4    (viii)    Any mediator who is assigned to hear this matter, and his or her

5  staff, subject to their agreement to maintain confidentiality to the same degree as required by this

6  Protective Order; and

7    (ix)    Any other person with the prior written consent of the Producing

8  Party.

9

10    **9.    DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

11    (a)    A Producing Party may designate Discovery Material as "HIGHLY

12  CONFIDENTIAL –ATTORNEYS' EYES ONLY" if it contains or reflects information that is

13  extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that

14  the disclosure of such Discovery Material is likely to cause economic harm or significant

15  competitive disadvantage to the Producing Party.  The Parties agree that the following

16  information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL –

17  ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data,

18  sales information, sales or marketing forecasts or plans, business plans, sales or marketing

19  strategy, product development information, engineering documents, testing documents, employee

20  information, and other non-public information of similar competitive and business sensitivity.

21    (b)    Unless otherwise ordered by the Court, Discovery Material designated as

22  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

23    (i)    The Receiving Party's Outside Counsel, provided that such Outside

24  Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*,

25  730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and

26  such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation

27  support services working at the direction of such counsel, paralegals, and staff;

28

1          (ii)     Any outside expert or consultant retained by the Receiving Party to

2     assist in this action, provided that disclosure is only to the extent necessary to perform such work;

3     and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the

4     Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current

5     officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time

6     of retention to become an officer, director, or employee of a Party or of a competitor of a Party;

7     (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S.*

8     *Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a

9     competitor of a Party; (d) such expert or consultant accesses the materials in the United States

10    only, and does not transport them to or access them from any foreign jurisdiction and (e) no

11    unresolved objections to such disclosure exist after proper notice has been given to all Parties as

12    set forth in Paragraph 12 below;

13          (iii)    Court reporters, stenographers and videographers retained to record

14    testimony taken in this action;

15          (iv)    The Court, jury, and court personnel;

16          (v)     Graphics, translation, design, and/or trial consulting personnel,

17    having first agreed to be bound by the provisions of the Protective Order by signing a copy of

18    Exhibit A;

19          (vi)    Any mediator who is assigned to hear this matter, and his or her

20    staff, subject to their agreement to maintain confidentiality to the same degree as required by this

21    Protective Order; and

22          (vii)    Any other person with the prior written consent of the Producing

23    Party.

24    **10.    DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL**
      **– OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

25

26          (a)     To the extent production of Source Code becomes necessary to the

27    prosecution or defense of the case, a Producing Party may designate Source Code as "HIGHLY

28

1    CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises

2    or includes confidential, proprietary, and/or trade secret Source Code.

3            (b)      Nothing in this Order shall be construed as a representation or admission

4    that Source Code is, or is not, properly discoverable in this action, or to obligate any Party to

5    produce any Source Code.

6            (c)      Unless otherwise ordered by the Court, Discovery Material designated as

7    "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"

8    shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject

9    to Paragraph 11 below, solely to:

10           (i)      The Receiving Party's Outside Counsel, provided that such Outside

11   Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*,

12   730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and

13   such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation

14   support services working at the direction of such counsel, paralegals, and staff;

15           (ii)     Any outside expert or consultant retained by the Receiving Party to

16   assist in this action, provided that disclosure is only to the extent necessary to perform such work;

17   and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the

18   Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current

19   officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time

20   of retention to become an officer, director or employee of a Party or of a competitor of a Party;

21   (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S.*

22   *Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a

23   competitor of a Party; (d) such expert or consultant accesses the materials in the United States

24   only, and does not transport them to or access them from any foreign jurisdiction; and (e) no

25   unresolved objections to such disclosure exist after proper notice has been given to all Parties as

26   set forth in Paragraph 12 below;

27           (iii)    Court reporters, stenographers and videographers retained to record

28   testimony taken in this action;

1           (iv)    The Court, jury, and court personnel;

2           (v)    Any mediator who is assigned to hear this matter, and his or her

3 staff, subject to their agreement to maintain confidentiality to the same degree as required by this

4 Protective Order; and

5           (vi)    Any other person with the prior written consent of the Producing

6 Party.

7       **11.**    **DISCLOSURE AND REVIEW OF SOURCE CODE**

8           (a)    Any Source Code that is produced by Apple Inc. will be made available for

9 inspection at the Silicon Valley office of its outside counsel, DLA Piper LLP (US) at 2000

10 University Avenue, East Palo Alto, California.  Source Code will be made available for

11 inspection between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not

12 Federal holidays), although the Parties will be reasonable in accommodating reasonable requests

13 to conduct inspections at other times.

14           (b)    Prior to the first inspection of any requested Source Code, the Receiving

15 Party shall provide fourteen (14) days notice of the Source Code that it wishes to inspect.  The

16 Receiving Party shall provide forty-eight (48) business hours notice prior to any additional

17 inspections; however, the parties shall make reasonable efforts to accommodate requests on

18 shorter notice (e.g. when a reviewer onsite wishes to extend his review to the next business day).

19 This section does not change or modify any required disclosures or deadlines pursuant to the

20 Patent Local Rules of the Northern District of California.

21           (c)    Source Code that is designated "HIGHLY CONFIDENTIAL – OUTSIDE

22 ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review

23 subject to the following provisions, unless otherwise agreed by the Producing Party:

24           (i)    All Source Code shall be made available by the Producing Party to

25 the Receiving Party's outside counsel and/or experts in a secure room on a secured computer

26 without Internet access or network access to other computers and on which all access ports have

27 been disabled (except for one printer port), as necessary and appropriate to prevent and protect

28 against any unauthorized copying, transmission, removal or other transfer of any Source Code

1   outside or away from the computer on which the Source Code is provided for inspection (the

2   "Source Code Computer" in the "Source Code Review Room").

3          The Producing Party shall install the following released versions of the following tools for

4   the review of Source Code: SlickEdit, Understand, Beyond Compare, Acrobat, Xcode and

5   TextWrangler.  The Receiving Party must provide the Producing Party with a CD or DVD

6   containing such licensed software tools at least seven (7) business days in advance of the date

7   upon which the Receiving Party wishes to have these source code tools for use on the Source

8   Code Computer.  If the Producing Party is unable to comply with the request within seven (7)

9   business days, the Producing Party shall promptly notify the Receiving Party and provide a date

10  certain as to when the source code tools will be installed on the Source Code Computer.

11         Additionally, if any documents are produced on the Source Code Computer, appropriate

12  software to review the documents shall also be installed.  This list of Source Code tools is not

13  intended to be limiting, and the Reviewing Party may request that additional tools are installed on

14  the Source Code Computer, provided, however, that (a) the Receiving Party possess an

15  appropriate license to such software tools; (b) the Producing Party approves such software tools;

16  and (c) such other software tools are reasonably necessary for the Receiving Party to perform its

17  review of the Source Code consistent with all of the protections herein.  Licensed copies of

18  mutually agreed upon software tools shall be installed on the Source Code Computer by the

19  Producing Party within seven (7) business days after a request is agreed to, with the same process

20  described above should the Producing Party be unable to install the requested software tools

21  within the seven (7) business days.  The Producing Party shall provide the Receiving Party with

22  information explaining how to start, log on to, operate, and print from the Source Code

23  Computers.

24                (ii)        Except as provided in subparagraph (iii) below, no recordable

25  media or recordable devices, including without limitation sound recorders, cellular telephones,

26  peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the

27  Source Code Review Room.  The Producing Party shall provide a room within reasonable

28

1    proximity to the Source Code Review Room where the Reviewing Party may keep and use such

2    devices outside the presence of the Producing Party.

3                              (iii)    The Receiving Party's outside counsel and/or experts shall be

4    entitled to take notes relating to the Source Code, but may not copy the Source Code into the

5    notes and may not take such notes electronically on the Source Code Computer itself or any other

6    computer.  In addition to the Source Code Computer, the Producing Party shall make available

7    within the Source Code Review Room a laptop computer with no network connection or camera

8    functionality (the "Notetaking Computer") for purposes of enabling the Receiving Party's outside

9    counsel and/or experts to take notes relating to the Source Code.  The Notetaking Computer shall

10   have pre-installed a commercially reasonable text editing program, Microsoft Excel or OpenOffice

11   Calc spreadsheet software, and an encryption program, such as TrueCrypt.  The Receiving Party's

12   outside counsel and/or experts may use the computer for the purposes of taking notes relating to

13   the Source Code, but may not copy more than five continuous lines of the Source Code verbatim

14   into the notes without consent of the Producing Party, which consent shall not be unreasonably

15   withheld. The Reviewing Party shall, upon completion of its review, store its notes within an

16   encrypted volume, such as a TrueCrypt volume, protected by at least a 20-character password.

17   Upon completion of each review session, the Producing Party shall, upon request by the Receiving

18   Party, provide the Receiving Party with an electronic storage medium, such as a USB storage

19   device, containing the encrypted volume file with the notes taken by the Receiving Party.  At the

20   start of each review session, the Producing Party also shall, upon request by the Receiving Party,

21   copy an updated encrypted volume file containing any revised notes taken by the Receiving Party,

22   from such electronic storage medium onto the Notetaking Computer, for further editing.  The

23   Receiving Party shall maintain any notes removed from the Source Code Review Room in the

24   encrypted form described above at all times when storing or transmitting them.  The Producing

25   Party shall not monitor or review any notes taken on the Notetaking Computer, shall not receive

26   the encryption password, and shall not interact with any note files on the computer in any way

27   except to transfer the encrypted volume files, without reviewing their contents, to and from a USB

28

1   storage medium as described above.  The use of such computer shall not be asserted to be a waiver

2   of any privilege or protection.

3                    (iv)    The Producing Party may visually monitor the activities of the

4   Receiving Party's representatives during any Source Code Computer review, but only to ensure

5   that no unauthorized records of the Source Code are being created or transmitted in any way.

6                    (v)    No copies of all or any portion of the Source Code may leave the

7   room in which the Source Code Computer is inspected except as otherwise provided herein.

8   Further, no other written or electronic record of the Source Code is permitted except as otherwise

9   provided herein.  The Producing Party shall make available a laser printer with commercially

10  reasonable printing speeds for on-site printing during inspection of the Source Code Computer.

11  The Receiving Party may print limited portions of the Source Code only to the extent that such

12  portions are relevant to the claims and/or defenses in the above-captioned litigation, or are

13  logically related to such relevant portions of the Source Code and shall print no more than a

14  reasonable amount of Source Code.  The Receiving Party shall not print Source Code in order to

15  review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing

16  that Source Code electronically on the Source Code Computer.  The Receiving Party shall not,

17  without the consent of the Producing Party, print any portion that consists of more than twenty

18  (20) consecutive pages of a continuous block (that is, a single file) of Source Code and the

19  Producing Party need not provide the printouts of such blocks to the Receiving Party.  Upon

20  printing any portions of Source Code, the printed pages shall be collected by the Producing Party.

21  The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL -

22  OUTSIDE ATTORNEYS' EYES ONLY -– SOURCE CODE" any pages printed by the Receiving

23  Party.  If practicable, within forty-eight (48) business hours, but no later than seventy-two (72)

24  business hours, the Producing Party shall either (i) provide one copy set of such pages to the

25  Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are

26  excessive and/or not done for a permitted purpose.  If, after meeting and conferring, the Producing

27  Party and the Receiving Party cannot resolve the objection, either Party shall be entitled to seek a

28  Court resolution of whether the printed Source Code in question was printed for a permitted

purpose.  The burden shall be on the Receiving Party to show that any code printed in excess of the

limitations of this paragraph was printed for a permitted purpose.  The printed pages shall

constitute part of the Source Code produced by the Producing Party in this action.  A Receiving

Party may in good faith request for these limits to be increased.  The Receiving Party may seek

leave of Court to increase these limits if the Receiving Party believes the Producing Party has

unreasonably withheld consent.

(vi)     A list of names of persons who will view the Source Code

Computer will be provided to the Producing Party in conjunction with any written (including

email) notice prior to inspection.  Such identification shall be in addition to any other disclosure

required under this Order.  The Receiving Party shall maintain a daily log of the names of persons

who enter the locked room to view the Source Code Computer.  The Producing Party shall be

entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.

(vii)     Unless otherwise agreed in advance by the Parties in writing,

following each day on which Source Code Computer inspection is done under this Order, the

Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other

materials from the Source Code Review Room.  The Producing Party shall not be responsible for

any items left in the room following each inspection session.  Proper identification of all

authorized persons shall be provided prior to any access to the secure room or the computer

containing Source Code.  Proper identification requires showing a photo identification card

sanctioned by the government of any State of the United States, by the government of the United

States, or by the nation state of the authorized person's current citizenship.  Access to the secure

room or the Source Code Computer may be denied to any individual who fails to provide proper

identification.

(viii)     Other than as provided above, the Receiving Party will not

copy, remove, or otherwise transfer any Source Code from the Source Code Computer including,

without limitation, copying, removing, or transferring the Source Code onto any recordable media

or recordable device. Other than as provided above, the Receiving Party will not transmit any

1    Source Code in any way from the Producing Party's facilities or the offices of its outside counsel

2    of record.

3                                  (ix)    The Receiving Party's outside counsel of record may make

4    no more than five (5) additional paper copies of any portions of the Source Code received from a

5    Producing Party pursuant to Paragraph 11(c)(v), not including copies attached to court filings or

6    used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall

7    include the names of the reviewers and/or recipients of paper copies and the locations where said

8    paper copies are stored. Upon one (1) day's advance notice to the Receiving Party by the

9    Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

10                                 (x)    The Receiving Party's outside counsel of record and any

11   person receiving a copy of any Source Code shall maintain and store any paper copies of the

12   Source Code at their offices in a manner that prevents duplication of or unauthorized access to the

13   Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at

14   all times when it is not in use.  No more than a total of twenty-five (25) individuals identified by

15   the Receiving Party shall have access to the printed portions of Apple Source Code (except insofar

16   as such code appears in any court filing or expert report).  If a Receiving Party requires more than

17   twenty-five (25) individuals to have access to the printed portions of Apple Source Code, the

18   parties shall meet and confer in good faith.

19                                 (xi)    For depositions, the Receiving party shall not bring copies of

20   any printed Source Code.  Rather, at least three (3) business days before the date of the deposition,

21   the Receiving Party shall notify the Producing Party which portions of Source Code (by

22   production number) it wishes to use at the deposition, and the Producing Party shall bring printed

23   copies of those portions to the deposition for use by the Receiving Party.  Copies of Source Code

24   that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to

25   deposition transcripts; rather, the deposition record will identify the exhibit by its production

26   numbers. All paper copies of Source Code brought to the deposition shall remain with the

27   Producing Counsel's outside counsel for secure destruction in a timely manner following the

28   deposition.  Additionally, at least five (5) days before the date of the deposition, the Receiving

1    Party may request to the Producing Party that the Source Code Computer be made available at the

2    deposition.  The Parties shall meet and confer in good faith regarding any such requests and the

3    Receiving Party must identify the need for the Source Code Computer at the deposition.  To the

4    extent the Source Code Computer is used at a deposition, portions of the Source Code discussed

5    will be identified on the record and reasonable portions of the source code can be printed and

6    marked as exhibits.  The Producing Party shall retain possession of any source code printed at the

7    deposition, including any source code printed and marked as an exhibit.  After the deposition, the

8    Producing Party shall provide the Receiving Party a copy of any source code printed at the

9    deposition within forty-eight (48) business hours, if practicable, but no later than seventy-two (72)

10   business hours, of the conclusion of the deposition.  The Source Code Computer shall not be

11   marked as an exhibit.  Any deposition requiring the use of the Source Code Computer shall take

12   place at the office of DLA Piper in Silicon Valley.

13                              (xii)    Except as provided in this sub-paragraph, absent express

14   written permission from the Producing Party, the Receiving Party may not create electronic

15   images, or any other images, or make electronic copies, of the Source Code from any paper copy

16   of Source Code for use in any manner (including by way of example only, the Receiving Party

17   may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source

18   Code shall not be included in correspondence between the Parties (references to production

19   numbers shall be used instead), and shall be omitted from pleadings and other papers whenever

20   possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of

21   a filing with the Court, the Parties shall meet and confer as to how to make such a filing while

22   protecting the confidentiality of the Source Code and such Source Code will not be filed absent

23   agreement from the Producing Party that the confidentiality protections will be adequate, which

24   agreement shall not be unreasonably withheld.  If a Producing Party agrees to produce an

25   electronic copy of all or any portion of its Source Code or provide written permission to the

26   Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to

27   the Receiving Party's submission, communication, and/or disclosure of electronic files or other

28   materials containing any portion of Source Code (paper or electronic) shall at all times be limited

-19-

1   solely to individuals who are expressly authorized to view Source Code under the provisions of

2   this Order.  Where the Producing Party has provided the express written permission required under

3   this provision for a Receiving Party to create electronic copies of Source Code, the Receiving

4   Party shall maintain a log of all such electronic copies of any portion of Source Code in its

5   possession or in the possession of its retained consultants, including the names of the reviewers

6   and/or recipients of any such electronic copies, and the locations and manner in which the

7   electronic copies are stored.  Additionally, any such electronic copies must be labeled

8   "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this

9   Order.  This provision shall not prohibit the use of Source Code in expert reports.

10  **12.   NOTICE OF DISCLOSURE**

11          (a)     Prior to disclosing any Protected Material to any person described in

12  Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), or 10(c)(ii) (referenced below as "Person"), the Party seeking

13  to disclose such information shall provide the Producing Party with written notice that includes: (i)

14  the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all

15  of the Person's past and current employment and consulting relationships, including direct

16  relationships and relationships through entities owned or controlled by the Person, including but

17  not limited to an identification of any individual or entity with or for whom the person is employed

18  or to whom the person provides consulting services relating to the design development, operation,

19  or patenting of the implementing a flash translation layer, wear leveling, fast startup routines or

20  data scrubbing in a flash memory system, or relating to the acquisition of intellectual property

21  assets relating to the implementing a flash translation layer, wear leveling, fast startup routines or

22  data scrubbing in a flash memory system for the past five (5) years, except to the extent that the

23  Person is prohibited from disclosing such relationships by contract; (iv) an up-to-date curriculum

24  vitae of the Person; (v) an identification of all pending patent applications on which the Person is

25  named as an inventor, in which the Person has any ownership interest, or as to which the Person

26  has had an involvement in advising on, consulting on, preparing, prosecuting, drafting, editing,

27  amending, or otherwise affecting the scope of claims relating to implementing a flash translation

28  layer, wear leveling, fast startup routines or data scrubbing in a flash memory system, and (vi) a

1  list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

2  The Party seeking to disclose Protected Material shall provide such other information regarding

3  the Person's professional activities reasonably requested by the Producing Party for it to evaluate

4  whether good cause exists to object to the disclosure of Protected Material to the outside expert or

5  consultant.  During the pendency of this action, including all appeals, the Party seeking to disclose

6  Protected Material shall promptly provide written notice of any change with respect to the Person's

7  involvement in the design, development, operation or patenting of the implementing a flash

8  translation layer, wear leveling, fast startup routines or data scrubbing in a flash memory system or

9  the acquisition of intellectual property assets relating to implementing a flash translation layer,

10  wear leveling, fast startup routines or data scrubbing in a flash memory system.

11         (b)     Within fourteen calendar (14) days of receipt of the disclosure of the

12  Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the

13  absence of an objection at the end of the fourteen calendar (14) day period, the Person shall be

14  deemed approved under this Protective Order.  There shall be no disclosure of Protected Material

15  to the Person prior to expiration of this fourteen calendar (14) day period.  If the Producing Party

16  objects to disclosure to the Person within such fourteen calendar (14) day period, the Parties shall

17  meet and confer via telephone or in person within seven (7) days following the objection and

18  attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the

19  Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to

20  seek relief from the Court.  If relief is not sought from the Court within that time, the objection

21  shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the

22  Person in question until the Court resolves the objection.

23         (c)     For purposes of this section, "good cause" shall include an objectively

24  reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery

25  Materials in a way or ways that are inconsistent with the provisions contained in this Order.

26         (d)     Prior to receiving any Protected Material under this Order, the Person must

27  execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve

28  it on all Parties.

1       (e)    An initial failure to object to a Person under this Paragraph 12 shall not

2   preclude the nonobjecting Party from later objecting to continued access by that Person for good

3   cause and to the extent new information comes to light that was not ascertainable earlier.  If an

4   objection is made, the Parties shall meet and confer via telephone or in person within seven (7)

5   days following the objection and attempt in good faith to resolve the dispute informally.  If the

6   dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date

7   of the meet and confer to seek relief from the Court.  The designated Person may continue to have

8   access to information that was provided to such Person prior to the date of the objection.  If a later

9   objection is made, no further Protected Material shall be disclosed to the Person until the Court

10  resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing,

11  if the Producing Party fails to move for a protective order within seven (7) business days after the

12  meet and confer, further Protected Material may thereafter be provided to the Person.

13      **13.**    **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

14      (a)    A Party shall not be obligated to challenge the propriety of any designation

15  of Discovery Material under this Order at the time the designation is made, and a failure to do so

16  shall not preclude a subsequent challenge thereto.

17      (b)    Any challenge to a designation of Discovery Material under this Order shall

18  be written, shall be served on outside counsel for the Producing Party, shall particularly identify

19  the documents or information that the Receiving Party contends should be differently designated,

20  and shall state the grounds for the objection.  Thereafter, further protection of such material shall

21  be resolved in accordance with the following procedures:

22      (c)    The objecting Party shall have the burden of conferring either in person, in

23  writing, or by telephone with the Producing Party claiming protection (as well as any other

24  interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the

25  burden of justifying the disputed designation;

26      (d)    Failing agreement, the Receiving Party may bring a motion to the Court for

27  a ruling that the Discovery Material in question is not entitled to the status and protection of the

28  Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice

1  either Party from arguing for or against any designation, establish any presumption that a

2  particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute

3  over discovery or disclosure of information;

4      (e)    Notwithstanding any challenge to a designation, the Discovery Material in

5  question shall continue to be treated as designated under this Order until one of the following

6  occurs: (a) the Party who designated the Discovery Material in question withdraws such

7  designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled

8  to the designation.

9      **14.    SUBPOENAS OR COURT ORDERS**

10     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or

11  legislative body, the Party to whom the subpoena or other request is directed shall immediately

12  give prompt written notice thereof to every Party who has produced such Discovery Material and

13  to its counsel and shall provide each such Party with an opportunity to move for a protective order

14  regarding the production of Protected Materials implicated by the subpoena.

15     **15.    FILING PROTECTED MATERIAL**

16     (a)    Absent written permission from the Producing Party or a court Order

17  secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose

18  in the public record any Protected Material.

19     (b)    Any Party is authorized under Civil L.R. 79-5 to file under seal with the

20  Court any brief, document or materials that are designated as Protected Material under this Order.

21     (c)    However, nothing in this section shall in any way limit or detract from this

22  Order's requirements as to Source Code.

23     **16.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

24     (a)    The inadvertent production by a Party of Discovery Material subject to the

25  attorney-client privilege, work-product protection, or any other applicable privilege or protection,

26  despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to

27  production, will not waive the applicable privilege and/or protection if a request for return of such

28  inadvertently produced Discovery Material is made promptly after the Producing Party learns of its

1   inadvertent production.  Pursuant to Federal Rule of Evidence 502(d) and (e), this Order

2   constitutes a court order as contemplated under Rule 502(d), which provides that "the privilege or

3   protection is not waived by disclosure connected with the litigation pending before the court—in

4   which event the disclosure is also not a waiver in any other federal or state proceeding."

5           (b)     Upon a request from any Producing Party who has inadvertently produced

6   Discovery Material that it believes is privileged and/or protected, each Receiving Party shall

7   immediately return such Protected Material or Discovery Material and all copies to the Producing

8   Party, except for any pages containing privileged markings by the Receiving Party which shall

9   instead be destroyed and certified as such by the Receiving Party to the Producing Party.

10          (d)     Nothing herein shall prevent the Receiving Party from preparing a record

11   for its own use containing the date, author, addresses, and topic of the inadvertently produced

12   Discovery Material and such other information as is reasonably necessary to identify the

13   Discovery Material and describe its nature to the Court in any motion to compel production of the

14   Discovery Material.

15          **17.     INADVERTENT FAILURE TO DESIGNATE PROPERLY**

16          (a)     The inadvertent failure by a Producing Party to designate Discovery

17   Material as Protected Material with one of the designations provided for under this Order shall not

18   waive any such designation provided that the Producing Party notifies all Receiving Parties that

19   such Discovery Material is protected under one of the categories of this Order within fourteen (14)

20   days of the Producing Party learning of the inadvertent failure to designate.  The Producing Party

21   shall reproduce the Protected Material with the correct confidentiality designation within seven (7)

22   days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the

23   correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the

24   Producing Party's option, all Discovery Material that was not designated properly.

25          (b)     A Receiving Party shall not be in breach of this Order for any use of such

26   Discovery Material before the Receiving Party receives such notice that such Discovery Material

27   is protected under one of the categories of this Order, unless an objectively reasonable person

28   would have realized that the Discovery Material should have been appropriately designated with a

1   confidentiality designation under this Order.  Once a Receiving Party has received notification of

2   the correct confidentiality designation for the Protected Material with the correct confidentiality

3   designation, the Receiving Party shall treat such Discovery Material (subject to the exception in

4   Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

5          (c)     Notwithstanding the above, a subsequent designation of

6   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

7   "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"

8   shall apply on a going forward basis and shall not disqualify anyone who reviewed

9   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

10  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"

11  materials while the materials were not marked "HIGHLY CONFIDENTIAL – ATTORNEYS'

12  EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –

13  SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

14          **18.     INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

15          (a)     In the event of a disclosure of any Discovery Material pursuant to this

16  Order to any person or persons not authorized to receive such disclosure under this Protective

17  Order, the Party responsible for having made such disclosure, and each Party with knowledge

18  thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has

19  been disclosed and provide to such counsel all known relevant information concerning the nature

20  and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all

21  reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no

22  further or greater unauthorized disclosure and/or use thereof is made

23          (b)     Unauthorized or inadvertent disclosure does not change the status of

24  Discovery Material or waive the right to hold the disclosed document or information as Protected.

25          **19.     FINAL DISPOSITION**

26          (a)     Not later than ninety (90) days after the Final Disposition of this case, each

27  Party shall return all Discovery Material of a Producing Party to the respective outside counsel of

28  the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes

of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

## 20.     DISCOVERY FROM EXPERTS OR CONSULTANTS

(a)     Drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b)     Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

(c)     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(d)     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case.  No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(e)     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are

relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(f)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 20(a)–(g) shall be treated as attorney-work product for the purposes of this litigation and Order.

(g)     Nothing in Protective Order, include Paragraphs 20(a)–(g), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

## 21.    MISCELLANEOUS

(a)     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for Northern District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

(g)     <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern District of California, or the Court's own orders.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  March 19, 2015                    BUNSOW, DE MORY, SMITH & ALLISON LLP


By:  /s/ *Henry C. Bunsow*
HENRY C. BUNSOW
JOHN D. BEYNON
Attorneys for Plaintiffs
LONGITUDE LICENSING LTD. AND
LONGITUDE FLASH MEMORY SYSTEMS
S.A.R.L.

1    Dated: March 19, 2015              DLA PIPER LLP (US)

2
                                        By: */s/ Christine K. Corbett*
3                                            JOHN ALLCOCK
                                             SEAN CUNNINGHAM
4                                            CHRISTINE K. CORBETT
                                             BRENT YAMASHITA
5                                            Attorneys for Defendant
                                             APPLE INC.
6

7

8

9

10   **PURSUANT TO STIPULATION, IT IS SO ORDERED**

11

12

13   Dated:  _____March 23, 2015_____        _____

14                                       **THE HONORABLE ELIZABETH D. LAPORTE**
                                         **UNITED STATES MAGISTRATE JUDGE**
15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER RE THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS / CASE NO. 3:14-CV-4275 EDL

1

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

2

Pursuant to General Order No. 45, Section X.B., I hereby attest that I have obtained

3

concurrence of the above noted signatories as indicated by a "conformed" signature (/s/) within

4

this e-filed document.

5

6

Dated: March 20, 2015                                    /s/ *John D. Beynon*
                                                         John D. Beynon

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **EXHIBIT A**

2

3      I, _____, acknowledge and declare that I have received a

4  copy of the Protective Order ("Order") in *Longitude Licensing Ltd., et al. v. Apple Inc.*,

5  United States District Court, Northern District of California, San Francisco Division, Civil

6  Action No. 3:14-cv-04275 EDL.  Having read and understood the terms of the Order, I agree to

7  be bound by the terms of the Order and consent to the jurisdiction of said Court for the

8  purpose of any proceeding to enforce the terms of the Order.

9      Name of individual: _____

10     Present occupation/job description: _____

11     _____

12     _____

13     Name of Company or Firm: _____

14     Address:_____

15

16     Dated: _____

17

18                                          _____
                                              [Signature]

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER RE THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS / CASE NO. 3:14-CV-4275 EDL