UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LONGITUDE LICENSING LTD., et al.,

    Plaintiffs,

v.

APPLE INC.,

    Defendant.

Case No. 14-cv-04275-EDL

**ORDER REGARDING JOINT PROPOSED SCHEDULE**

## I. Introduction

This is a patent infringement case brought by Plaintiff Longitude Licensing Ltd. against Apple Inc. There are thirteen patents at issue in this case, all directed to flash memory systems and various aspects of operating and managing flash memory systems. FAC ¶¶ 16-30. There are six patents entitled "Partial Block Data Programming and Reading Operations in a Non-Volatile Memory." FAC ¶¶ 16-21 (the '424 patent, the '987 patent, the '177 patent, the '421 patent, the '702 patent, and the '490 patent). There are three patents entitled "Flash Memory Data Correction and Scrub Technique." FAC ¶¶ 22-24 (the '835 patent, the '607 patent, and the '095 patent). The '488 patent is entitled "Method for Fast Wake-Up of a Flash Memory System." FAC ¶ 25. The '611 patent is entitled "Power Management Block for Use in a Non-Volatile Memory System." FAC ¶ 26. The '865 patent is entitled "Maintaining Erase Counts in Non-Volatile Storage System." FAC ¶ 27. The '729 patent is entitled "Automated Wear Leveling in Non-Volatile Storage Systems." FAC ¶ 28. Plaintiff alleges direct and indirect/induced infringement of each patent.

In light of the potential size and breadth of this case, during the case management conference on March 10, 2015, the Court ordered that:

- Initially, discovery should focus primarily on ownership and standing, as well as discovery directed to narrowing the asserted claims.
- Pursuant to the parties' agreement, there is a limit of 200 hours of fact depositions per side. Each side may allocate those hours as it sees fit between party and non-party depositions, subject to the general limitations imposed by the federal rules such as proportionality.
- Expert depositions shall be limited to one seven-hour deposition for each expert witness for each expert report submitted by the expert.
- Defendant shall serve its invalidity contentions in accordance with Patent Local Rule 3-3 no later than April 13, 2015. All subsequent deadlines in the Patent Local Rules are temporarily stayed.
- Plaintiff shall serve a Federal Rule of Civil Procedure 30(b)(6) deposition notice regarding source code on Defendant. No later than two weeks after the deposition takes place, the parties shall meet and confer to agree on and provide to the Court a proposed schedule for this case at least through claim construction.

Dkt. No. 46.  The parties have filed a Joint Proposed Schedule, in which they identify agreed-upon dates as well as several disputes about narrowing the case and the case schedule.

**III.    Discussion**

**A.    Agreed-Upon Dates**

The parties present a number of agreed-upon dates through claim construction, and the Court adopts those dates as modified below:

- 6/18/15: Longitude identifies no more 13 claims per patent and not more than a total of 45 claims
- 7/2/15: Apple identifies no more than 15 prior art references against each patent and not more than a total of 56 references
- 7/16/15: Exchange Lists of Proposed Terms for Construction [Patent Local Rule 4-1(a)]
- 8/6/15: Exchange of Proposed Constructions and Identification Intrinsic/Extrinsic Evidence [Patent Local Rule 4-2(a)(b)]
- 9/3/15: Joint Claim Construction and Prehearing Statement [Patent Local Rule 4-3]

- 10/5/15: Completion of Claim Construction Discovery [Patent Local Rule 4-4]
- 10/19/15: Plaintiff's Opening Claim Construction Brief [Patent Local Rule 4-5(a)]
- 11/2/15: Defendant's Responsive Claim Construction Brief [Patent Local Rule 4-5(b)]
- 11/9/15: Plaintiff's Reply Claim Construction Brief [Patent Local Rule 4-5(c)]
- 11/16/15 at 10:00 a.m.: Claim Construction Tutorial
- 12/7/15 at 2:00 p.m.: Claim Construction Hearing [Patent Local Rule 4-6]

**B.  Additional Disputes**

**1.  Limiting Apple's Invalidity Theories**

In addition to the foregoing agreed-upon dates, Longitude asks the Court to require Apple to identify four "invalidity theories" for each asserted claim, each based on a single anticipatory reference or unique combination of obviousness references, by July 2, 2015, the same day that the parties agree that Apple will identify no more than 15 prior art references per patent and no more than 56 total.  Longitude contends that Apple has proposed similar limitations in other cases, but it does not appear that any court has required a defendant to limit itself to certain theories, as opposed to limiting the number of prior art references as is suggested in the Model Order, and certainly not so early in the case.  In Apple v. Samsung, the court required both sides to reduce invalidity references/systems/combinations to 45 per side three days before the fact discovery cutoff, but did not adopt a proposal to limit invalidity theories more generally.  The Court will not require Apple to limit itself to a specified number of "invalidity theories" on July 2, 2015, but may revisit this issue at a later date if the circumstances warrant it.

**2.  Identifying Representative Products**

Longitude asks the Court to require Apple to identify "representative products" by July 9, 2015.  In appropriate cases, courts use representative products to narrow cases where there are numerous related products creating identical or similar issues of infringement.  See, e.g., Rambus v. Hynix, Case 05-cv-00334-RMW, D.I. 2803 (requesting letter briefs on the issue of identifying representative products); Apple v. Samsung, 12-cv-00630-LHK, D.I. 471 ("The Court strongly

1    encourages the parties to reach a stipulation on [representative products]."). Longitude contends that
2    the accused products here are similar because they utilize a limited number of operating systems and
3    flash memory management appears to be similar among the products. Apple counters that this is not
4    an appropriate case for identifying representative products because the accused functionalities operate
5    differently depending on the hardware, operating system, and flash translation layer used in a given
6    product. The Court is awaiting further briefing from Apple on this issue and will issue a separate
7    order relating to representative products after June 18, 2015.

### 3.   **Identifying Non-Infringement Theories**

In addition to a requirement that Apple identify representative products on July 9, 2015, Longitude also wants Apple to provide it with discovery regarding its non-infringement contentions, and specifically how each of the representative products differs for purposes of infringement (i.e., respond to Interrogatory No.1 requesting this information). Alternatively, if Apple argues that each of the accused products is unique, Longitude wants Apple to identify relevant distinctions. Apple agrees to produce this information, but argues that it should be required to respond to Interrogatory No. 1 much later in the case, and suggests 45 days after a claim construction order. The Court will not impose a deadline of July 9, 2015 for this discovery, but believes that it should be provided much sooner than Apple suggests. The parties are ordered to meet and confer and agree on a mutually agreeable date for this discovery.

### 4.   **Detailed Statement of Claim/Case Dispositive Nature of Claim Construction**

The parties agree that a joint claim construction and prehearing statement pursuant to Local Rule 4-3 shall be filed on September 3, 2015. Apple wants that statement to include "a detailed statement as [sic] why each of the selected terms for construction are either claim and/or case dispositive." Longitude argues that this is unnecessary because Local Rule 4-3 already requires "identification of the terms whose construction will be most significant to the resolution of the case up to a maximum of 10" and requires the parties to "identify any term among the 10 whose construction will be case or claim dispositive" on the same date, September 3, 2015. Given the number of patents and claim terms at issue in this case, the parties should proceed through the

initial round of claim construction primarily if not exclusively with terms that are likely to be dispositive of patents or at least claim terms and therefore the Court agrees with Apple that additional detail should be required.

On September 3, 2015, the parties shall file their Patent Local Rule 4-3 Joint Claim Construction and Pre-Hearing Statement that: (1) identifies the terms whose construction will be most significant to the resolution of the case up to a maximum of ten; (2) of those ten, identify those whose construction is claim or case dispositive; and (3) for <u>all</u> terms, provide as detailed a statement as feasible as to why each of the terms selected for construction is either claim or case dispositive, or a statement that a particular term is not claim or case dispositive and as detailed a statement as feasible as to why it is still significant to the resolution of the case.

### E. Post Claim Construction Schedule

The Court will not set dates beyond the claim construction hearing now, and will set a case management conference to set remaining dates after the Court issues its claim construction order.

**IT IS SO ORDERED.**

Dated: June 16, 2015


ELIZABETH D. LAPORTE
United States Magistrate Judge

5